525 P.2d 340

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Clee MOONEYHAM, also known as Lonnie Beck, Defendant-Appellant.**

**No. 11435.**

Supreme Court of Idaho.

Aug. 1, 1974.

Donald Downen, Caldwell, for defendant-appellant.

W. Anthony Park, Atty. Gen., Warren Felton, Deputy Atty. Gen., Boise, C. Robert Yost, Pros. Atty., Caldwell, for plaintiff-respondent.

McQUADE, Justice.

This action involves a conviction of the defendant-appellant, Clee Mooneyham, for driving an automobile while under the influence of alcohol. On June 19, 1973, Mooneyham was arrested for driving while under the influence of alcohol in violation of I.C. § 49–1102. Mooneyham was arraigned in the Canyon County magistrate's court on June 20, 1973, and he entered a plea of guilty to the misdemeanor charge of driving while under the influence of intoxicating liquor. The magistrate fined Mooneyham $250 and sentenced him to spend ten days on weekends in the county jail. Mooneyham was released, and later that same day he was again arrested for driving while under the influence of alcohol. Subsequently, he was also charged with driving while his license was suspended. On June 21, 1973, Mooneyham appeared before the Canyon County magistrate court again and entered a plea of guilty to the charge of driving while his license was suspended. Because Mooneyham had been previously convicted of drunken driving, the second charge of driving while under the influence of alcohol was amended and charged as a felony. Mooneyham was arraigned on the felony charge in the magistrate court on June 22, 1973, and he waived a preliminary hearing. He was bound over to the district court and was arraigned in the district court on July 26, 1973. Mooneyham entered a plea of guilty to the felony charge of driving while under the influence of alcohol. A pre-sentence investigation was conducted, and on July 27, 1973, Mooneyham was sentenced by the district court to a maximum term of not to exceed 5 years in the state penitentiary. This appeal is from the judgment of conviction and sentence.

Mooneyham's first assignment of error contends that the magistrate failed to adequately advise him of his constitutional rights before accepting his plea of guilty on June 20, 1973, to the misdemeanor charge of driving while under the influence of alcohol. Mooneyham has not appealed from the misdemeanor conviction nor has he sought to challenge the conviction through post conviction relief proceedings. This appeal is from Mooneyham's conviction of the felony charge of driving while under the influence of alcohol. Because of the June 20, 1973, misdemeanor conviction, Mooneyham was charged with a felony pursuant to I.C. § 49–1102 after his second arrest for driving while under the influence of alcohol. The felony information which Mooneyham acknowledged having read, states that he had been previously convicted of a misdemeanor charge of driving while under the influence of alcohol. At the time of pleading guilty to the felony charge, Mooneyham did not challenge or question the misdemeanor conviction.

Mooneyham's first assignment of error is an attempt to collaterally attack his misdemeanor conviction through the appeal from his felony conviction. Having failed to challenge the misdemeanor conviction in any of the proceedings below, the question of its validity is not before the Court and will not be considered. Furthermore, by his plea of guilty to the felony information, he admitted all the facts recited therein, including the prior misdemeanor conviction of driving while under the influence of alcohol.[1]

1. Clark v. State, 92 Idaho 827, 452 P.2d 54 (1969); State v. Pringle, 83 Wash.2d 188, 517 P.2d 192 (1973); Ames v. State, 212 Kan. 409, 511 P.2d 219 (1973).

Mooneyham's second assignment of error contends that the district court failed to adequately advise him of his constitutional rights before accepting his guilty plea to the felony charge of driving while intoxicated on July 6, 1973, and therefor the judgment of conviction and sentence must be reversed.

■ It is well established that a guilty plea must be made freely, voluntarily and with an understanding of the consequences of the plea.[2] Rule 11 of the Rules of Criminal Practice and Procedure provides that:

"A defendant may plead guilty or not guilty. The court may refuse to accept a plea of guilty if it determines that the plea is not made voluntarily with understanding of the nature of the charge and the consequences of the plea. If the defendant refuses to plead or if the court refuses to accept a plea of guilty or if the defendant corporation fails to appear, the court shall enter a plea of not guilty.

A verbatim record of the proceedings shall be made by stenographic means or recording device."

The record reveals that the district court advised Mooneyham of the seriousness of the offense and informed him of his right to counsel, warning that he would not receive a more lenient sentence because he did not request counsel. Mooneyham acknowledged receiving the information describing the offense and stated he understood the charge and waived its reading by the court. The court asked Mooneyham if he was making his decisions without any influence from any source, and he stated that it was true. The court also asked Mooneyham about his age, education, employment, and prior convictions. Before accepting the guilty plea, the court asked if he had heard the discussion with the previous defendant as to what was necessary before the court could accept a plea of

guilty. In that discussion the court had advised another defendant of his right to a trial by jury, the presumption of innocence, and had asked him if he was proceeding under the influence of threats or intoxicating liquor or medication. The court asked Mooneyham if his answers would be any different and he said, "no." The court asked him if his plea of guilty was based upon a confession to the police and he stated that it was not. Finally, the court advised Mooneyham that the imposition of sentence was entirely within its discretion, and there could be no promise of any sentence. Mooneyham contends that the above record of the hearing before the district court did not show that he freely, voluntarily and understandingly entered the plea of guilty because the district court did not directly address him concerning the right to trial by jury, the presumption of innocence, and the right of confrontation.

The district court had an extensive discussion with Mooneyham concerning the charge and Mooneyham's personal circumstances. From the discussion and Mooneyham's acknowledgment that he had heard the previous discussion with another defendant concerning coercion, trial by jury and the presumption of innocence, the trial court properly concluded that Mooneyham's plea of guilty was freely, voluntarily and understandingly entered.

■ Mooneyham's third assignment of error argues that the district court erred in accepting his guilty plea to the felony driving while intoxicated charge because it put him in double jeopardy as prohibited in art. 1, § 13 of the Idaho Constitution and I.C. § 18–301. Two separate charges arose out of Mooneyham's arrest on June 20, 1973: driving with a suspended license and driving while intoxicated. Mooneyham plead guilty to the charge of driving with a suspended license on June 21, 1973, and he argues that the plea placed him in jeopardy for the act of driving on June 20,

2. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Hinkley, 93 Idaho 872, 477 P.2d 495 (1970); Lockard v. State, 92 Idaho 813, 451 P.2d 1014 (1969).

1973. It is argued that the charge of driving while intoxicated involved the same act of driving and his plea to the driving while intoxicated charge on July 6, 1973, placed him in double jeopardy.

In State v. Hall [3] a defendant was acquitted of a charge of murder in the first degree and subsequently charged with robbery which arose out of the same incident. In determining whether the two charges constituted double jeopardy it was held:

"Giving the statute [I.C. § 18–301] its broadest possible application, it is not a bar to the present prosecution for robbery because both the robbery and the murder did not arise out of the same 'act or omission.' The act of taking property from the deceased, by means of force or fear, was separate and distinct from the act of firing the shots which killed him." [4]

The charges of driving with a suspended license and driving while intoxicated involve two different acts. The act of driving with a suspended license can be committed without the driver's intoxication, and the act of driving while intoxicated does not involve the status of the driver's license. Mooneyham's plea of guilty to the charge of driving while intoxicated after his plea of guilty to driving with a suspended license did not constitute double jeopardy.

 Finally, Mooneyham assigns as error the district court sentencing him to the maximum punishment of five years imprisonment for violation of I.C. § 49–1102. Pronouncement of the sentence to be imposed is within the discretion of the trial court and will not be disturbed on appeal in absence of an abuse of discretion, and a sentence fixed within limits prescribed by the statute will not ordinarily be considered an abuse of discretion.[5] The record reveals that the district court con-

sidered the alternatives to imprisonment and discussed the matter at length with the appellant. The record also reveals that Mooneyham has an extensive record of prior criminal activity including 12 arrests involving drunkeness and 7 convictions for driving while under the influence of alcohol. Mooneyham has been convicted of six felonies and has spent sixteen years in penitentiaries. Based on the record it cannot be held that there was an abuse of discretion in the imposition of the sentence.

The judgment of conviction is affirmed.

SHEPARD, C. J., and DONALDSON, McFADDEN, and BAKES, JJ., concur.

---

3. 86 Idaho 63, 383 P.2d 602 (1963).

4. *Id.*, at 75, 383 P.2d at 609.

5. State v. Trowbridge, 95 Idaho 640, 516 P.2d 362 (1973); State v. Dunn, 91 Idaho 870, 434 P.2d 88 (1967); King v. State, 91 Idaho 97, 416 P.2d 44 (1966).