554 P.2d 953

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Dale Eugene LAWRENCE, Defendant-Appellant.**

**No. 12088.**

Supreme Court of Idaho.

Oct. 1, 1976.

---

Peter D. McDermott, of McDermott & McDermott, Pocatello, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Gordon S. Nielson, Sr. Deputy Atty. Gen., James F. Kile, Asst. Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM:

Appellant Dale Eugene Lawrence was convicted in the District Court of the Sixth Judicial District of forcible rape based upon his plea of guilty. He was sentenced by the district court to an indeterminate term not to exceed twelve years. He appeals on two grounds: First, that he should be allowed after sentencing to withdraw his plea of guilty because of the "manifest injustice" in allowing a conviction to be based on an allegedly illegal search and seizure. Second, that the trial court abused its discretion in sentencing appellant to a maximum term of twelve years.

Appellant's first assignment of error does not constitute a proper basis of appeal. Idaho Criminal Rule 32(d) provides in relevant part that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Even if the allegedly illegal search and seizure did work a manifest injustice, however, the facts of the search and seizure are not in the record. It is well established in Idaho that matters extraneous to

the record cannot be considered on appeal. Relief should be sought, if at all, under the Uniform Post-Conviction Procedure Act. I.C. § 19–4901 et seq; *State v. Congdon,* 96 Idaho 377, 529 P.2d 773 (1974).

But even assuming *arguendo* that appellant's appeal is valid procedurally, the appeal is still without merit. The object that was seized by the arresting officer was in plain view. As the Supreme Court of the United States stated in *Coolidge v. New Hampshire,* 403 U.S. 443, 465, 91 S. Ct. 2022, 2037, 29 L.Ed.2d 564 (1971) "an object [which] comes into view during a search incident to an arrest that is appropriately limited in scope under existing law may be seized without a warrant." Thus, if an object that is in plain view is discovered by the arresting officer in a place where he is lawfully present, a warrantless seizure of that object is not illegal even if the object itself is not within the control of the arrestee. The critical issue becomes whether the arresting officer was lawfully present in the place of seizure. In the case at bar the arresting officer's entry into appellant's room was justifiable given the unique circumstances of the case. It is uncontested that appellant had told his victim that he had keys to all the rooms in the hotel and that he had left her room not by the hall door but by an adjoining door. Given the possible danger to other occupants of the hotel, the arresting officer had to determine whether the assailant was still in the adjoining room. His presence in appellant's room being lawful, he was entitled to seize any object that was in plain view without first resorting to a search warrant.

Appellant's second assignment of error is a proper ground for appeal, but nevertheless the court did not abuse its discretion. The trial court has discretion over the imposition of sentence and that discretion will not be disturbed on appeal unless there has been an abuse of discretion. It is well established that a sentence that is within the limits prescribed by statute ordinarily will not be considered an abuse of discretion. *State v. Mooneyham,* 96 Idaho 145, 525 P.2d 340 (1974); *State v. Trowbridge,* 95 Idaho 640, 516 P.2d 362 (1973). In the case of rape, I.C. § 18–6104 allows a maximum prison sentence of life. Given appellant's prior criminal record and the violent threats accompanying the crime, the trial court did not abuse its discretion.

Judgment affirmed.