570 P.2d 860

STATE of Idaho, Plaintiff-Respondent,

v.

Tommy THOMAS, aka James R. Price, Defendant-Appellant.

No. 12526.

Supreme Court of Idaho.

Oct. 25, 1977.

Peter D. McDermott, of McDermott & McDermott, Pocatello, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, Garth S. Pincock, Pocatello, for plaintiff-respondent.

## PER CURIAM.

On December 7, 1976, Tommy Thomas, defendant and appellant, was arrested and charged with assault with a deadly weapon arising out of an altercation with a Pocatello police officer. While awaiting trial following a plea of not guilty, appellant was incarcerated in the Bannock County jail. With another prisoner's assistance, appellant assaulted a deputy sheriff with a homemade knife under threats of death, handcuffed the deputy to a jail post, and escaped from the Bannock County jail on December 25, 1976. He was later apprehended and charged in a three count complaint with assault with a deadly weapon, injury to jail and escape.

On January 17, 1977, appellant changed his plea on the first charge of assault with a deadly weapon to guilty, and entered pleas of guilty to the second charge of assault with a deadly weapon and to the escape charge. The charge of injury to jail was dismissed. The appellant was first sentenced to three consecutive five-year terms. After further consideration, the trial court sentenced appellant to four (4) years imprisonment in the Idaho State Penitentiary on each of the three charges; each sentence to run consecutively.

On appeal, appellant assigns error to the imposition of consecutive sentences under the facts and circumstances of this case as being unduly harsh and amounting to an abuse of discretion.

I.C. § 18–2505 provides in relevant part as follows:

"Every prisoner charged with * * * a felony who is confined in any jail * * * who escapes or attempts to escape * * * from such jail * * * shall be guilty of a felony, and upon conviction thereof, *any such second term of imprisonment shall commence at the time he would otherwise have been discharged* (emphasis added)."

This court addressed the issue of whether I.C. § 18–2505 required a sentence for escape to run consecutively in *Lockard v. State*, 92 Idaho 813, 821, 451 P.2d 1014, 1022:

"Stated briefly, I.C. § 18–2505 provides that one who escapes while *in custody* on a felony *charge* or felony *conviction*, commits a felony. An I.C. § 18–2505 conviction results in a new sentence which will *begin* at the time the defendant would otherwise have been released. * * * *"

Appellant was in custody on a felony charge when he attempted to escape from the Bannock County jail. See I.C. §§ 18–906, 18–111. Appellant was, therefore, convicted of an escape punishable under I.C. § 18–2505, quoted *supra*. Under I.C. § 18–2505, the trial court is compelled to make whatever sentence is imposed for the escape charge run consecutively. *Lockard v. State, supra.* We hold, therefore, that appellant was properly sentenced to a consecutive sentence on the escape charge.

Because appellant also assigns error to the imposition of consecutive sentences for the assault charges we will address the question of whether the trial court abused its discretion in ordering consecutive sentences on the remaining two counts of assault with a deadly weapon.

I.C. § 18–308 provides:

"When any person is convicted of two (2) or more crimes before sentence has been pronounced upon him for either, the im-

prisonment to which he is sentenced upon the second or other subsequent conviction, in the discretion of the court, may commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

In *State v. Lawrence*, 98 Idaho 399, 565 P.2d 989 (1977), this court held that I.C. § 18–308 reinstated the common law authority of courts to impose consecutive sentences in the exercise of their discretion.

 The sentences imposed are within the statutory limits prescribed by the Idaho State Legislature. See I.C § 18–906. Length of the sentence to be imposed is within the discretion of the trial court and, ordinarily, there is no abuse of discretion when the sentence is within the statutory limits. *State v. Hawk*, 97 Idaho 1, 539 P.2d 553 (1975); *State v. Standlee*, 96 Idaho 165, 525 P.2d 360 (1974); *State v. Mooneyham*, 96 Idaho 145, 525 P.2d 340 (1974); *State v. Trowbridge*, 95 Idaho 640, 516 P.2d 362 (1973); *State v. Cornwall*, 95 Idaho 680, 518 P.2d 863 (1974); *King v. State*, 91 Idaho 97, 416 P.2d 44 (1966). Pronouncement of the sentence imposed will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Chapa*, 98 Idaho 54, 558 P.2d 83 (1976); *State v. Mooneyham, supra*. When the sentence is within the statutory limits, excessiveness of punishment and abuse of discretion depends upon the circumstances of the case which must be affirmatively shown by the appellant. *State v. Chapa, supra*; *State v. Cunningham*, 97 Idaho 650, 551 P.2d 605 (1976); *State v. Ogata*, 95 Idaho 309, 508 P.2d 141 (1973).

The trial judge considered the appellant's FBI record which indicated several difficulties since appellant's release in 1967 from the armed services including offenses in Salt Lake City, Utah; Gold Beach, Oregon; Kansas City, Missouri; Ventura, California; Draper, Utah; and Pocatello, Idaho. The trial court also noted that appellant was presently being held on an escape charge from a Utah prison. In pronouncing sentence the trial judge reduced its original sentence of five (5) years consecutive imprisonment on each of the three charges to four (4) years consecutive imprisonment on each of the three charges in order to "give Mr. Thomas the benefit of any doubt * * * ."

The appellant has not shown an abuse of discretion by the trial judge. Judgment of conviction and sentence are affirmed.