609 P.2d 657

STATE of Idaho, Plaintiff-Respondent,

v.

Allen Lee DUNNAGAN and Leland Dunnagan, Defendants-Appellants.

Nos. 13163, 13164, 13178 and 13179.

Supreme Court of Idaho.

April 15, 1980.

Randy J. Stoker, Twin Falls, for defendants-appellants.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Michael J. Kinsela, Deputy Attys. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

This case is a consolidation of four district court cases, all involving both the defendants-appellants, Allen Dunnagan and Leland Dunnagan. The first three cases are from Twin Falls County, and the fourth from Cassia County, and involve grand larceny and burglary committed during a four-day period in early August of 1978. Defendants waived preliminary hearing and entered guilty pleas to all the charges at the respective arraignments. Sentencing was had on October 27, 1978. On this appeal it is argued that the sentences imposed by the district judge were excessive and an abuse of discretion. The four actions involved are:

(1) Both defendants were charged with the grand larceny of a Honda 750 motorcycle on August 9, 1978. After pleading guilty they were given an indeterminate 14 year sentence in the state penitentiary.

(2) Both defendants were charged with the grand larceny of a 1969 Ford pickup occurring on August 10, 1978. After pleading guilty both were given an indeterminate 14 year sentence to run consecutively with the sentence imposed in no. (1).

(3) Both defendants were charged with 8 counts of second degree burglary occurring August 9, 10 and 11, 1978. After pleading guilty both were given 5 year indeterminate sentences on each of the 8 counts, each to run concurrent with the other 8 counts, and concurrent with the sentence imposed in no. (1).

(4) Both defendants were charged with grand larceny of another Honda motorcycle and with first degree burglary occurring on

August 8, 1978. The burglary charge was dismissed and both defendants pled guilty to the grand larceny charge, after which they were given an indeterminate 14 year sentence to run concurrently with the sentences in the above actions.

On this appeal the Dunnagans argue that the trial court abused its discretion in imposing the indeterminate fourteen year sentence in case no. (2) to run consecutively to the sentence in case no. (1), and in failing to order psychological examinations.

■■■ It is among the best-settled rules of appellate review that sentencing is a matter left in the studied discretion of the trial judge. *State v. Mooneyham*, 96 Idaho 145, 525 P.2d 340 (1974); *State v. Gish*, 89 Idaho 334, 404 P.2d 595 (1965). The decision to set sentences to run concurrently or consecutively is also within the discretion of the trial court. *State v. Lawrence*, 98 Idaho 399, 565 P.2d 989 (1977). The maximum sentence for first degree burglary is fifteen years, and for second degree burglary is five years. I.C. § 18–1403. The maximum penalty for grand larceny is fourteen years. I.C. § 18–4606. The sentences imposed by the trial judge were thus within maximum limits set by statute.

This case, however, presents compelling circumstances. At the time of the sentencing, Allen and Leland were 21 and 20 years of age, respectively. Their presentence reports, and earlier psychological reports portray two young men with very low IQ's.

■■■ One of the objects of our system of criminal justice is rehabilitation. Either or both of these unfortunate young men should be able to benefit, if at all, from what rehabilitative programs are available, within a fourteen year period. Under these circumstances, to impose a sentence which was more than double the length of their current natural lives was excessive and unduly harsh. Accordingly, it is the court's decision that the two fourteen-year sentences should run concurrently, and we remand with instructions to the district court to amend its order of commitment so as to cause the sentences to so run. *State v. Ross*, 92 Idaho 709, 449 P.2d 369 (1968).

Remanded for modification of sentence consistent with this opinion.

BAKES and BISTLINE, JJ., concur.

DONALDSON, Chief Justice, dissenting.

Several of the "best-settled rules" of appellate review, recited by the majority, are completely ignored. As the majority correctly notes, sentencing is a matter left to the discretion of the trial judge. And it is well established that a sentence within the limits prescribed by statute ordinarily will not be considered an abuse of that discretion. *State v. Seifart*, 100 Idaho 321, 597 P.2d 44 (1979); *State v. Ward*, 98 Idaho 571, 569 P.2d 916 (1977); *State v. Lawrence*, 97 Idaho 775, 554 P.2d 953 (1976).

The defendants in this appeal were adjudged guilty of crimes which our legislature has made punishable by incarceration for as long as 82 years. The sentences imposed would require incarceration for a total of 28 years, in the absence of earlier parole. In view of the fact the time to be served was just over one-third that available under the statutes, the observation of the majority that "[t]he sentences imposed by the trial judge were . . . within maximum limits" is indeed an understatement. A sentence which is roughly a third the length of that available under the statutes should not be overturned as an abuse of discretion.

I cannot agree with the majority that this case presents circumstances which compel tampering with the results of the trial court's studied discretion. To the contrary, the presentence reports show circumstances which weigh heavily in favor of the lengthy incarceration imposed by the trial court. Leland Dunnagan's prior criminal record includes six felony offenses and that of Allen Dunnagan includes eight. The presentence investigator's report stated that, "During the time of the interview, [Allen] Dunnagan . . . seemed quite proud of his background and criminal history and spoke openly about it."

It is true, as the majority points out, that *one* of the objects of our system of criminal justice is rehabilitation.[1] *State v. Ogata*, 95 Idaho 309, 508 P.2d 141 (1973); *State v. Moore*, 78 Idaho 359, 304 P.2d 1101 (1957). However, as the presentence investigator pointed out, both defendants had been given prior opportunities for rehabilitation, all of which had failed. It seems particularly inappropriate to modify a sentence on the basis of a hope which the past contradicts. I would affirm the sentence imposed.

SHEPARD, J., concurs.

---

1. The other three are protection of society; deterrence of the individual and the public generally; and punishment or retribution for wrongdoing. *State v. Moore, supra.* "The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end." 78 Idaho at 363, 304 P.2d at 1103.