659 P.2d 151 (1983)
104 Idaho 393
STATE of Idaho, Plaintiff-Respondent,
v.
Ernest John LLOYD, Defendant-Appellant.
No. 13927.
Court of Appeals of Idaho.
February 22, 1983.
*152 David Z. Nevin, Ada County Chief Appellate Deputy Public Defender, Boise, for defendant-appellant.
David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.
*153 PER CURIAM.
This is a sentence review case. Ernest John Lloyd was found guilty by a jury of robbery and battery. The jury also found Lloyd to be a persistent violator of the law, based on the robbery conviction and previous convictions for kidnapping and rape.[1] At the time the robbery and battery offenses occurred, Lloyd was on parole, serving two concurrent, twenty-five year sentences which had been imposed for the prior kidnapping and rape convictions. As a result of the robbery and battery offenses, Lloyd's parole was revoked and he was reincarcerated to continue serving the sentences on the kidnapping and rape convictions, in custody.
Upon the robbery conviction and because of his status as a persistent violator, Lloyd was sentenced to an indeterminate life term in the custody of the Board of Correction. The life term was ordered to be consecutive to the remainder of his sentences for the kidnapping and the rape. On this appeal, the sole issue is whether the district court abused its discretion by imposing a life sentence, and by making it consecutive to the other sentences.
Lloyd argues first that because of his prior medical history  indicating mental disturbance or personality disorder  he should not have been held fully accountable for his conduct. The record shows that Lloyd has a history of self-mutilation and ingestion of foreign objects  such as razor blades and cut-up coat hangers. He further argues that to impose an indeterminate sentence for the maximum period provided by law,[2] without establishing an ongoing treatment program to deal with his disorders, demonstrates an abuse of discretion by the sentencing court. Before trial, Lloyd filed a notice of intent to rely on mental disease or defect as an affirmative defense. However, after a court-ordered psychological evaluation, that defense was withdrawn.
Lloyd suggests that, under the authority of State v. Behler, 65 Idaho 464, 146 P.2d 338 (1944), the imposition of the life sentence, in light of Lloyd's "diminished accountability," was an abuse of discretion. In Behler, a penalty of death for first degree murder had been imposed in accordance with a jury's verdict. On appeal, our Supreme Court noted that Behler possessed a "very low order of intelligence." The court concluded that Behler should not have been held to the same degree of accountability as a person with a normal mind, and the court modified the sentence to life imprisonment.
Because of numerous changes in Idaho law over the years, Behler may be distinguishable on procedural grounds. Among those changes, are the effect of the mental condition of a defendant as a defense, or as a mitigating factor; the removal from the jury of the death penalty issue; the adoption of statutory criteria to be considered by the sentencing judge in arriving at capital punishment decisions; and the mandatory review of such cases by our Supreme Court.
These procedural changes do not, however, affect a fundamental premise illustrated by Behler  that a sentence may be modified by reduction on appeal. Examples of recent cases where our Supreme Court has modified sentences are State v. Shideler, 103 Idaho 593, 651 P.2d 527 (1982); State v. Nice, 103 Idaho 89, 645 P.2d 323 (1982); and State v. Dunnagan, 101 Idaho 125, 609 P.2d 657 (1980). In each of those cases successful rehabilitation appeared highly likely and of paramount consideration. Here the extensive prior record of *154 Lloyd indicates a very low potential for rehabilitation, not sufficient in our view to justify a reduction of his sentence for that reason alone.
In both Behler and Dunnagan, the low intelligence quotients of the defendants were taken into account in reviewing the propriety of the sentences imposed. Here, the degree of intelligence of Lloyd has not been indicated. Moreover, the presentence report and supporting materials provided to the sentencing judge demonstrate an antisocial character and unstable behavior. While this information could be viewed as a possible factor in mitigation, it also reasonably could be considered as an aggravating factor in arriving at an appropriate sentence. We conclude that the alleged "diminished accountability" of Lloyd for his crimes does not demonstrate an abuse of discretion by the sentencing judge nor justify modification by reduction of the sentence, by this Court.
Lloyd next argues that a life sentence is unjustified in view of the "unaggravated" nature of the robbery, and the lack of "severity" of his record of prior convictions. The facts underlying the conviction for robbery and battery, as presented by the state, were as follows. During the early morning hours of December 20, 1979, in the downtown area of Boise, Lloyd approached a woman who was seated in her vehicle. He introduced himself and invited her to join him for a drink. When she refused, he grabbed her by the hair and attempted to kiss and fondle her. As another person came on the scene, Lloyd told the woman that he would "blow her head off" if she said anything. However, no weapon was displayed. When she tried to leave, he took her wallet and the keys to her vehicle. When she still refused to go with him, he threw the keys on the ground and left, but kept her wallet. The following day, Lloyd was arrested at his home by Boise police. The wallet and its contents were found in Lloyd's bedroom.
The task of evaluating the circumstances of a crime, and of a defendant's prior record, is committed to the sentencing court, in the first instance, to determine whether a term of imprisonment should be imposed. I.C. § 19-2521. We will not supercede that court's consideration of those factors with our own opinion as to the weight of any individual factor. Rather, we limit our review to whether, under all of the circumstances, the sentencing court abused its discretion in arriving at the sentence imposed.
A sentence within the statutory maximum will not be disturbed on appeal unless the appellant affirmatively shows a clear abuse of discretion. State v. Seifart, 100 Idaho 321, 597 P.2d 44 (1979). Clear abuse occurs only where the term of confinement imposed by the court is longer than appears reasonably necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any of the related goals of deterrence, rehabilitation, or retribution. We will defer to the trial court where reasonable minds might differ as to the reasonableness of the sentence. State v. Toohill, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). For the purpose of reviewing Lloyd's sentence, the "term of confinement" is deemed to be the time until Lloyd is first eligible for parole. Id. Under I.C. § 20-223, Lloyd will be eligible for parole ten years after he commences serving the sentence on the robbery conviction.
The district judge, at the sentencing hearing, considered the circumstances surrounding the case and Lloyd's status as a persistent violator. The court stated that had Lloyd not been a persistent violator, the sentence would have been lighter. Moreover, the court stopped short of imposing a fixed life term as a sentence. However, in view of Lloyd's status as a persistent violator, which allows for enhancement of sentences imposed for other crimes, and Lloyd's conviction for robbery, which is itself punishable by incarceration for life, the court felt that an indeterminate life sentence was appropriate. We are not persuaded that the district judge's view was unreasonable. We hold that the court did *155 not abuse its discretion in imposing the life sentence.
Last, Lloyd urges that the life sentence should have been concurrent with, rather than consecutive to, the sentences he is serving for rape and kidnapping. The imposition of consecutive sentences is authorized and made discretionary by I.C. § 18-308. The exercise of that discretion will not be disturbed on appeal unless it has been abused. State v. Thomas, 98 Idaho 623, 570 P.2d 860 (1977). We believe the standards established in Toohill, supra, are applicable to the issue.
Here the trial court said it was making the sentence consecutive because Lloyd was a persistent violator of the law, and because the robbery conviction was separate and apart from the crimes of rape and kidnapping for which he was then serving sentences. The presentence report provided in this case shows a criminal record dating back to 1964. Without elaborating on the nature of the offenses, Lloyd's record shows several youth act adjudications, four misdemeanor convictions, four felony convictions, two probations, two jail terms, two prison incarcerations, and two parole violations.
In view of the pattern of criminal conduct, and the instability of Lloyd's behavior, we cannot say that the district court acted unreasonably in the structuring of Lloyd's sentence. Sentencing is guided by the primary goal of protecting society. Toohill, supra. Although the consecutive sentence will result in Lloyd's confinement for most of the rest of his life, we cannot say that this is inappropriate under any reasonable view of the case.
The sentence is affirmed.
NOTES
[1] I.C. § 19-2514 provides that: "[a]ny person convicted for the third time of the commission of a felony ... shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term [of imprisonment] for not less than five (5) years and said term may extend to life." This statute does not create a new crime, but merely provides for greater punishment, for the latest conviction, than that which might have been imposed had there not been two prior convictions. Clark v. State, 92 Idaho 827, 452 P.2d 54 (1969).
[2] Both the robbery conviction and the persistent violator status authorized the trial court to impose a sentence of life imprisonment. I.C. §§ 18-6503, 19-2514.