710 P.2d 638

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Alan Lee BRANDT, Defendant-Appellant.**

**Nos. 15761–15763.**

Court of Appeals of Idaho.

Nov. 27, 1985.

John A. Bradley, Burley, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Soli. Gen., A. René Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

■ Pursuant to a plea bargain agreement, Alan Lee Brandt pled guilty to one

---

count of grand theft, one count of grand theft by disposing of stolen property, and one count of second degree burglary. The district court sentenced Brandt to indeterminate terms of twelve years for each of the grand theft charges and an indeterminate five-year term for the second degree burglary conviction, with all sentences to run concurrently. He was given credit for 193 days he had served prior to sentencing. The sole issue on appeal is whether the sentences were excessive and represented an abuse of sentencing discretion by the district court. We affirm.

Our standards for sentence review are well-settled. The trial court possesses discretionary authority to determine an appropriate sentence. A sentence within the statutory maximum will not be disturbed on appeal unless a clear abuse of sentencing discretion is shown. *State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981); *State v. Adams,* 106 Idaho 309, 678 P.2d 101 (Ct. App.1984); *State v. Miller,* 105 Idaho 838, 673 P.2d 438 (Ct.App.1983). A sentence may represent an abuse of discretion if it is shown to be unreasonable when viewed in light of the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of imprisonment is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

Brandt could have received fourteen-year terms of confinement for the grand theft convictions. I.C. § 18–2408. Instead he received two concurrent twelve-year sentences. He did receive the maximum term of confinement authorized by statute for second degree burglary. I.C. § 18–1403. His sentences are indeterminate, and Brandt may become eligible for parole. Absent a contrary statute or other indication in the record, we will treat one-third of an indeterminate sentence as the measure of confinement. *State v. Toohill, supra.* For purposes of review, we will thus treat

Brandt's term of confinement as four years. Therefore, the question for review is whether confinement for four years is reasonable.

When weighing the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *State v. Adams,* 106 Idaho at 310, 678 P.2d at 102; *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). In this case Brandt was charged with several crimes involving burglary of three homes in Burley, Idaho. Brandt allegedly broke into the homes, stole various items of personal belongings, and then sold the stolen goods to a local jewelry store. Apparently no one was injured during the burglaries, and the record shows that no one was at home during the burglaries.

Next considered is the character of the offender. At the time of sentencing, Brandt was twenty-eight years old and had a high school education. He was unmarried and had no children. The record indicates that he had a long history of alcohol and drug abuse, as well as prior confrontations with the law. Brandt previously had been convicted of burglary and an infamous crime against nature and had served time in the penitentiary.

In sentencing Brandt, the judge indicated that he had considered the sentencing criteria as set forth in I.C. § 19–2521, as well as Brandt's two prior felony convictions. The judge determined that imprisonment was required in this case. The judge acknowledged that Brandt did have a drug and alcohol problem, and that the crimes involved property offenses and not crimes of violence. The judge also indicated that Brandt's punishment would be mitigated by allowing the sentences to run concurrently, as opposed to consecutively, and by making the sentences indeterminate and not fixed. Brandt argues that the judge erred in thinking that by imposing concurrent sentences he was mitigating Brandt's punishment. Brandt cites *State v. Dunnagan,* 101 Idaho 125, 609 P.2d 657 (1980) and

argues that if the judge had imposed consecutive sentences, such sentences would have been an abuse of discretion and, therefore, when the judge ordered the sentences to be served concurrently, the court did not in reality apply any mitigation. We are unpersuaded. The Idaho Supreme Court in *Dunnagan* held that, under the circumstances of that case, the sentencing court abused his discretion by imposing consecutive sentences. We are not confronted in this case with whether the district court abused its discretion by imposing consecutive sentences. Nor are we saying that it would have been an abuse of discretion for the court to have imposed consecutive sentences for the three separate, unconnected crimes committed in this case. As we noted in *State v. Lloyd*, 104 Idaho 397, 659 P.2d 151 (Ct.App.1983), the imposition of consecutive sentences is authorized and made discretionary by I.C. § 18–308. In the exercise of that discretion we believe that a judge's decision to impose concurrent rather than consecutive sentences may properly be viewed as mitigation of punishment.

In arriving at the sentence he imposed in this case the judge considered some "mitigating" factors that he found in applying I.C. § 19–2521. We note that this section's intended purpose is to have a sentencing judge consider certain factors in deciding whether imprisonment or some other alternative is appropriate in a given case. *See*, e.g., *State v. Burroughs*, 107 Idaho 195, 687 P.2d 585 (Ct.App.1984).

Once the court has decided that incarceration is appropriate, I.C. § 19–2521 has served its intended purpose. The court's focus is shifted to determining the length of incarceration. The court must then arrive at a sentence that reasonably may accomplish the objective of protecting society and achieve any of the related goals of deterrence, rehabilitation or retribution. *Toohill, supra.* Nevertheless, in this determination the sentencing judge may find—as he did here—that some mitigating factors he considered when deciding upon a sentence of imprisonment might also weigh in favor of mitigation of the punishment.

We find nothing in the record suggesting any abuse of sentencing discretion by the judge. The sentences imposed in this case are reasonable. Accordingly, the judgments of conviction are affirmed.

BURNETT and SWANSTROM, JJ., concur.