803 P.2d 1013

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Robert Elmer JOHNSON, Defendant–Appellant.**

**No. 18454.**

Court of Appeals of Idaho.

Jan. 4, 1991.

Tim Gresback, Kootenai County Public Defender, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., James Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

■ Robert Elmer Johnson pled guilty to a felony charge of driving while under the influence, having been previously convicted of driving while under the influence on at least two other occasions within the past five years. I.C. §§ 18–8004, –8005. Johnson was given a suspended sentence of five years with a four-year minimum period of confinement, and was placed on supervised probation allowing him to participate in an inpatient alcohol-treatment program and to continue his vocational training. When Johnson violated the terms of his probation—by drinking alcohol and by failing to complete the treatment program—the district court revoked probation and ordered that Johnson serve a reduced sentence of

five years with a minimum period of eighteen months' incarceration. On appeal, Johnson contends that the sentence imposed upon revocation of his probation was excessive and therefore unreasonable. We affirm.

■ Upon revocation of probation, the court may order the suspended sentence to be executed, or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. State v. Marks, 116 Idaho 976, 783 P.2d 315 (Ct.App.1989). Here, the court chose to impose a reduced sentence of eighteen months of confinement, instead of the four-year term initially ordered. In reviewing a sentence imposed after probation has been revoked, we examine the entire record encompassing events before and after the original judgment. See State v. Adams, 115 Idaho 1053, 772 P.2d 260 (Ct.App.1989). Felony DUI carries a maximum penalty of five years' imprisonment. I.C. § 18–8005. Where a sentence is within the statutory limit, it will not be disturbed on appeal absent a showing of abuse of discretion. State v. Hedger, 115 Idaho 598, 768 P.2d 1331 (1989). A sentence may represent such an abuse if it is demonstrated to be unreasonable under the facts of the case. State v. Nice, 103 Idaho 89, 645 P.2d 323 (1982); State v. Koch, 116 Idaho 571, 777 P.2d 1244 (Ct. App.1989).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period of incarceration specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; State v. Sanchez, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). In Johnson's case, this period is eighteen months. A period of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. State v. Toohill, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). We examine a sentence in a given case, having regard for the nature of the offense and the character of the offender. State v.

*Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

Johnson contends that the reduced sentence was excessive. He argues that the court failed to sufficiently consider his potential for rehabilitation and his personal background. We disagree.

The present case arose when Johnson pled guilty in January, 1989, to driving while under the influence of alcohol, resulting in his third DUI conviction in Kootenai County in less than two years. A review of Johnson's criminal history reveals that he has been charged with DUI on at least seven other occasions, and has served time in jail as a consequence of some of those convictions. This history also discloses other driving-related violations, including numerous charges for driving while privileges suspended, careless driving, reckless driving, and driving without insurance. The record also shows that, although Johnson has participated in various treatment programs for alcohol abuse, he has not refrained from driving while under the influence. The PSI concluded that Johnson remains a threat to the public, and recommended that Johnson be incarcerated.

In articulating its basis for the sentence, the district court noted Johnson's criminal history, replete with driving violations involving alcohol, and the fact that although on more than one occasion Johnson had attempted to treat his alcohol problem, he had failed to complete the treatment programs ordered by the court. We note that it is entirely within the discretion of the trial court to determine that if rehabilitation measures undertaken during probation fail, such measures should be shifted to the more structured setting of a custodial facility. *State v. Corder,* 115 Idaho 1137, 772 P.2d 1231 (Ct.App.1989). We observe that the court also favorably considered Johnson's prior military service and his apparently earnest desire to bring his alcoholism under control.

Having reviewed the entire record before us, we are satisfied that the substantive sentencing criteria set forth in *Toohill* and *Sanchez* have been met and that under these facts, the district court did not abuse its sentencing discretion. The order revoking probation and imposing a reduced sentence of confinement is affirmed.