820 P.2d 1232

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William Edward RICKS, Defendant–Appellant.**

No. 18792.

Court of Appeals of Idaho.

Sept. 3, 1991.

John Souza of Whittier, McDougall, Souza, Murray & Clark, Pocatello, for defendant-appellant.

Larry J. Echohawk, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

William Edward Ricks pled guilty to two counts of forgery. I.C. § 18–3601. He appeals from the judgment of the district court imposing two unified concurrent sentences of fourteen years in the custody of the Board of Correction, with a minimum period of confinement of six years. These sentences, although concurrent with each other, were to run consecutively to a two-year period remaining on a previous sentence for grand theft. Ricks argues on appeal that his sentences are unreasonable and that the district court erred by denying his motion under I.C.R. 35 for reduction of his sentence. We affirm.

## SENTENCE REVIEW

Ricks' sentences are within the statutory maximum of fourteen years for forgery. I.C. § 18–3604. Thus, because his sentences are not illegal, they will not be reversed on appeal unless an abuse of

sentencing discretion by the district court is demonstrated. *State v. Hedger*, 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Ricks' actual term of confinement as six years, although it will run consecutively to the balance of the previous sentence for grand theft of approximately two years. Ricks must establish that under any reasonable view of the facts a period of confinement of six years for his forgery convictions was an abuse of discretion. This court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

In conducting a sentence review, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The facts surrounding the forgeries can be briefly stated. Ricks cashed two checks, each made out to himself on the account of an appliance store, at a grocery store and a bank. The checks were in the amounts of $239.68 and $216.03, respectively. Ricks stated that while he was at the appliance store he had stolen the checks from a desk while the clerk was in the back room. Ricks stated to the presentence investigator that he cashed the checks so that he could purchase cocaine.

The presentence investigation report reveals that Ricks had an extensive criminal record, including convictions for burglary and grand theft. Ricks had previously been sentenced to the custody of the Board of Correction, and had escaped once. He was apprehended and resentenced to an indeterminate term from which he was paroled. He later committed the grand theft offense for which he was sentenced to an indeterminate seven years in the custody of the Board. He was granted parole but violated the conditions of parole and was reincarcerated to serve the two-year balance remaining on that sentence.

Ricks told the presentence investigator that he has an alcohol and drug abuse problem, and that he wanted help in dealing with his addictions. The presentence investigator recommended a period of incarceration.

In sentencing Ricks, the district court principally focused on the need to protect society from Ricks' conduct. The court acknowledged the seriousness of Ricks' drug and alcohol problem, and his extensive prior criminal record. In setting the term of incarceration, the court emphasized its desire to protect society from Ricks' inability to conquer his cocaine habit and the related inability to avoid violating the law.

The court appropriately considered the character of the offender and the sentencing objectives in pronouncing the sentence. In light of the sentencing criteria, the sentence is reasonable.

Ricks also challenges the district court's decision to impose the forgery sentences consecutively to the sentence that Ricks was serving following the parole violation on the grand theft charge. He argues that the aggregate fixed period of incarceration will therefore be eight years, a period which he argues is excessive and therefore unreasonable. A sentencing judge is authorized to impose a sentence to run consecutively to a sentence which has previously been imposed. *State v. Lawrence*, 98 Idaho 399, 400–01, 565 P.2d 989, 990–91 (1977); *State v. Lloyd*, 104 Idaho

397, 401, 659 P.2d 151, 155 (Ct.App.1983). The decision whether a sentence is to run consecutively or concurrently with another sentence is committed to the sound discretion of the trial court. *State v. Dunnagan*, 101 Idaho 125, 126, 609 P.2d 657, 659 (1980); *State v. Brandt*, 110 Idaho 341, 346, 715 P.2d 1011, 1016 (Ct.App.1986). The district court was aware when it sentenced Ricks that, in effect, Ricks would serve a total of eight years before he again could be released on parole. The court thought that this lengthy period was necessary in order to protect society from Ricks' demonstrated inability to conform his conduct to society's rules. Although reasonable minds might differ about the length of this sentence when served consecutively to the previous sentence, it does not amount to an abuse of discretion.

### DENIAL OF RULE 35 MOTION

 We examine rulings on Rule 35 motions to reduce sentences under the same standards as those applied to determine whether the original sentence was reasonable. *State v. Lopez*, 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App.1984). "If the sentence is not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. If he fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion." *State v. Caldwell*, 119 Idaho 281, 805 P.2d 487 (Ct.App.1991).

At the hearing on his Rule 35 motion, Ricks presented evidence as to his rehabilitative progress while in the custody of the Board of Correction. The district court was not persuaded to alter the sentence, after considering the report from the Department of Correction and other material, because the court was not yet convinced that, in the intervening seven months since sentencing, Ricks had actually achieved rehabilitation.

Beyond arguing that he has made rehabilitative progress while incarcerated, Ricks has presented no reasons to support his contention that the court abused its discretion in denying the motion to reduce his sentences. We conclude, having found the sentences reasonable, that the district court did not abuse its discretion by denying the Rule 35 motion.

The judgment of conviction for forgery, including the unified sentences imposed, and the order denying Ricks' Rule 35 motion, are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.