832 P.2d 1136

STATE of Idaho, Plaintiff-Respondent,

v.

Martin Adam SCHORZMAN,
Defendant–Appellant.

No. 19508.

Court of Appeals of Idaho.

May 29, 1992.

Thomas M. Vasseur, Coeur d'Alene, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for defendant-respondent.

## PER CURIAM.

Martin Adam Schorzman appeals from an order for execution of a unified sentence of seven years imposed upon the revocation of his probation. He contends that, although the fixed portion of the sentence was reduced from five to three years, the sentence was excessive and therefore unreasonable. We affirm.

Schorzman pled guilty to delivery of cocaine, a felony. I.C. § 37–2732(a)(1)(A). Based upon this plea, the district court imposed a unified sentence of seven years, including a five-year minimum period of confinement, but retained jurisdiction pending Schorzman's evaluation at the North Idaho Correctional Institution to determine his suitability for probation. Upon receiving a favorable report and recommendation, the court ordered the balance of Schorzman's sentence suspended and placed him on probation for five years. Approximately eighteen months later, Schorzman admitted violating his probation, namely, that he had used marijuana and consumed alcohol, and that he had failed to make sufficient payments on the ordered restitution. Notwithstanding these violations, the court continued Schorzman on probation, noting that Schorzman had made "a substantial change in his lifestyle" and was "making efforts to try to be a good citizen." Three months later, however, Schorzman's probation officer filed a report informing the court that Schorzman again had violated his probation by driving under the influence, by operating a vehicle while his license was suspended, and by failing to make the required restitution payments. Schorzman formally admitted some of these violations, and the state subsequently established the others at an evidentiary hearing.

While the proceedings were still pending, Schorzman timely filed a motion requesting the court to reduce the original sentence, pursuant to I.C.R. 35, if the court decided to revoke his probation. At the dispositional hearing, having found that Schorzman had violated material conditions of his probation, the court revoked probation, and ordered execution of the suspended sentence. Giving consideration to Schorzman's request for leniency under Rule 35, the court decreased the fixed period of the seven-year sentence from five years to three years, and allowed credit for 194 days of incarceration served before and after the original judgment. The district court then entered separate written orders revoking probation and executing the modified sentence.

Schorzman does not challenge the court's decision to revoke probation. Rather, he contends that the sentence imposed upon revocation was excessive, arguing that the court erroneously focused on the protection of society and failed to give proper consideration to other relevant sentencing factors.

After a probation violation has been proven, the decision to revoke probation and to pronounce sentence lies with the sound discretion of the trial court. I.C. § 20–222; *State v. Marks,* 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct.App.1989). Upon revoking probation, the court may order the suspended sentence executed, or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *State v. Johnson,* 119 Idaho 107, 803 P.2d 1013 (Ct.App.1991); *Marks,* 116 Idaho at 977, 783 P.2d at 316. The criteria for examining a decision made upon a request for sentence reduction are the same as those applied in determining whether the original sentence was reasonable. *Johnson,* 119 Idaho at 108, 803 P.2d at 1014. In reviewing a sentence imposed after probation has been revoked, we look to the entire record encompassing events before and after the original judgment. *See State v. Adams,* 115 Idaho 1053, 772 P.2d 260 (Ct.App.1989). A sentence of confinement is reasonable to the extent it appears necessary, at the time

of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

When seeking review of a discretionary decision related to sentencing, it is incumbent upon the appellant to present the appellate court with a sufficient record to evaluate the merits of his contentions. *State v. Martinez,* 113 Idaho 535, 536, 746 P.2d 994, 995 (1987). In the instant case, Schorzman has not provided this Court with any of the presentence reports considered by the district judge in imposing the original sentence, nor a transcript of that proceeding. The absence of such information inhibits us from reviewing the reasonableness of the sentence under the proper standards, outlined above. However, our review of the information presented to the court at the dispositional phase of the probation revocation proceeding leaves us with the abiding conclusion that the sentence initially imposed by the court was reasonable. We also conclude that the modification of Schorzman's sentence, to require a term of three rather than five years' minimum confinement, was not an abuse of the court's discretion to alter the sentence on the basis of leniency.

Accordingly, the orders revoking probation and executing the sentence of incarceration, as modified, are affirmed.