855 P.2d 60

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Terry Todd TESKE, Defendant–Appellant.**

No. 20319.

Court of Appeals of Idaho.

June 15, 1993.

**976**

Bruce H. Greene, Sandpoint, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from an order denying relief on a motion under I.C.R. 35 to modify a sentence. The motion sought alteration of the structure of two sentences, one of which the district court had directed should be served consecutively to the other. The motion requested that the sentences be served concurrently. We conclude that the district court did not abuse its discretion in

refusing to grant the motion and we affirm the order.

The appellant, Terry Teske, pled guilty to separate charges filed against him for issuing a check with insufficient funds and for grand theft by possession of a stolen motor vehicle. I.C. §§ 18–3106; 18–2403, –2407. He was sentenced to the custody of the Board of Correction for a fixed term of one year upon the insufficient funds check conviction and he also received a sentence of three years, with eighteen months minimum confinement, upon the grand theft conviction. The district court ordered the grand theft sentence to be served consecutively to the one for the insufficient funds check. Following a period of retained jurisdiction, the court relinquished jurisdiction. Teske timely filed a motion under I.C.R. 35 to modify his sentences, requesting that he be allowed to serve the sentences concurrently, rather than consecutively. The court denied this motion and Teske appealed.

Teske does not suggest that his sentences were tainted with any illegality. Thus, the sole issue presented in this case is whether the district court erred by refusing to alter the structure of the sentences.

■ It is well settled that a motion to reduce or to modify an otherwise lawful sentence under Rule 35 is addressed to the sound discretion of the sentencing court, *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987), and essentially is a plea for leniency which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The court is under no obligation to amend or modify a sentence that has been legally imposed. *State v. Vega*, 113 Idaho 756, 747 P.2d 778 (Ct. App.1987). The denial of such a motion will not be disturbed absent a showing that the court abused its discretion. The criteria for examining rulings denying the requested leniency are the same as those applied in determining whether the original sentence was reasonable. *Lopez, supra,* 106 Idaho 447 at 450, 680 P.2d at 872. In other words, we examine the probable du-

ration of confinement in light of the nature of the crime, the character of the offender, and the objectives of sentencing, which are the protection of society, deterrence, rehabilitation, and retribution. *Id.*

At the outset, we note that the initial decision to order that one of the sentences be served consecutively in this case was, itself, an exercise of discretion by the sentencing court. I.C. § 18–308; *State v. Dunnagan,* 101 Idaho 125, 126, 609 P.2d 657, 659 (1980); *State v. Thomas,* 98 Idaho 623, 570 P.2d 860 (1977); *State v. Lloyd,* 104 Idaho 397, 659 P.2d 151 (Ct.App.1983). We have not been provided with a transcript of the sentencing proceedings, as part of the record on this appeal. Thus, we are without the benefit of the sentencing court's reasons for determining that the sentence for grand theft should be served consecutively to the one imposed for issuing an insufficient funds check.

However, the presentence investigation report prepared for Teske's sentencing has been submitted as part of the appellate record. This report indicates that Teske had negotiated two checks with insufficient funds in the bank to cover the checks; he had issued six checks on a closed account; and he had a charge pending for passing a forged check. He evidently pled guilty to only one of these charges pursuant to a plea agreement. As to the grand theft prosecution, Teske was observed driving an automobile by a city police officer in Sandpoint, Idaho, who was familiar with Teske, was aware that there was an outstanding warrant for Teske's arrest and who also knew that Teske's driving privileges had been suspended. When the officer stopped Teske, he ran a records check on the vehicle and determined that the car had been reported stolen in Spokane, Washington.

At the time he was sentenced, Teske was 31 years old. He has prior criminal convictions for two counts of simple assault, defrauding an innkeeper, three counts of failure to appear and DUI amended to inattentive driving. His work history shows an inability to maintain steady employment, and he appears unable to cope with a problem reflecting alcohol and controlled substance (cocaine) abuse.

Based upon this limited information in the record, we conclude that the sentences imposed by the district court are reasonable and that there is no basis to hold that the district court initially abused its discretion in ordering the grand theft sentence to be served consecutively to one imposed for issuing a check without sufficient funds.

Shortly before Teske moved for a modification of his sentences, the court had received a report from the Board of Correction concerning Teske's performance while in custody during the court's retention of jurisdiction. Following that report, the court had relinquished its jurisdiction. Teske did not submit any further information to the court in support of his motion to modify his sentence. Under these circumstances, where the original sentence was reasonable and the lower court was not provided any additional information supporting modification of the sentence structure previously imposed, we will uphold the court's exercise of discretion in refusing to grant relief under Rule 35. *See, e.g., State v. Schorzman,* 122 Idaho 201, 832 P.2d 1136 (Ct.App.1992); *State v. Rundle,* 107 Idaho 936, 694 P.2d 400 (Ct.App.1984).

Accordingly, the order on review is affirmed.

SWANSTROM and LANSING, JJ., concur.