906 P.2d 640

STATE of Idaho, Plaintiff–Respondent,

v.

Raymond D. FLYNN, Defendant–Appellant.

No. 21997.

Court of Appeals of Idaho.

Nov. 28, 1995.

Jonathan M. Cottrell, Sandpoint, for appellant.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise, for respondent.

PER CURIAM.

Raymond D. Flynn was convicted on his conditional plea of guilty to a felony charge of driving while under the influence of alcohol (DUI). I.C. §§ 18–8004, 18–8005. On appeal, he challenges the decision of the district court denying his motion to dismiss the charge on the basis of statutory double jeopardy under former I.C. § 18–301, which was in effect when Flynn was arrested but which was subsequently repealed. The gravamen of Flynn's challenge is that when he was arrested on the DUI charge, he was also cited for driving without privileges (DWP) because his license had been suspended as a result of previous violations, and that his plea of guilty and sentence on the DWP offense barred the DUI prosecution.

An identical argument was rejected by our Supreme Court in *State v. Mooneyham,* 96 Idaho 145, 525 P.2d 340 (1974). Addressing Mooneyham's contention that I.C. § 18–301 barred his prosecution for driving while under the influence of alcohol because of an intervening conviction for driving while his license was suspended (with which Mooneyham had been charged at the same time he was arrested for the DUI), the Court held:

> The charges of driving with a suspended license and driving while intoxicated involve two different acts. The act of driving with a suspended license can be committed without the driver's intoxication, and the act of driving while intoxicated does not involve the status of the driver's license. Mooneyham's plea of guilty to the charge of driving while intoxicated after his plea of guilty to driving with a suspended license did not constitute double jeopardy.

96 Idaho at 148, 525 P.2d at 343.

The decision of the district court below in denying Flynn's motion to dismiss was consistent with *Mooneyham.* Flynn has presented no persuasive argument demonstrating that *Mooneyham* is inapplicable to his case. Accordingly, we affirm the district court's order denying Flynn's motion to dismiss.