835 P.2d 658

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Wayne Edward MARTIN,
Defendant–Appellant.**

**No. 19227.**

Court of Appeals of Idaho.

July 7, 1992.

Wayne E. Martin, pro se.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Wayne Martin appeals from an order revoking his probation and ordering that he serve the remainder of the fixed five-year sentence imposed upon him in September, 1987, in Gooding County, for his latest offense of driving a motor vehicle while under the influence (DUI). I.C. § 18–8005(5). He contends that the district court abused its discretion in not reducing the sentence upon revocation of probation and in not obtaining an updated presentence report. He also contends that his sentence is excessive in light of events that have taken place since September 1987.[1] We affirm for the following reasons.

In 1987 Martin entered into a I.C.R. 11 plea agreement with the state, whereby he pled guilty to felony DUI in Gooding County. I.C. §§ 18–8004, –8005(3).[2] On September 9, 1987, he was sentenced to a fixed five-year term which was to be consecutive to an indeterminate three-year sentence imposed in Ada County for another DUI.[3] The district court, in Gooding County, retained jurisdiction for a period of 120 days; during this time Martin was incarcerated at the North Idaho Correctional Institution (NICI). At the end of this period, the court suspended the remainder of the five-year sentence and placed Martin on three years' probation. Because Martin was already on probation in Ada County, for the DUI conviction there, the court arranged for the same probation officer in Ada County to supervise Martin's probation for the Gooding County DUI. The order setting out the terms of Martin's probation was signed and entered on March 23, 1988.

Martin's dual probation led to double trouble. On March 2, 1989, Martin was involved in an altercation with his sister in Ada County, which resulted in his arrest and incarceration in the Ada County Jail. Martin testified that subsequently he spent some time in a rehabilitation center in Boise, but that he left the program in August, 1989, resulting in his rearrest and incarceration. As a result, District Judge Newhouse revoked his Ada County probation but retained jurisdiction pursuant to I.C. § 19–2601(4). Martin was sent back to NICI and after six month's incarceration, he received a favorable report, causing Judge Newhouse to reinstate his Ada County probation on May 22, 1990. Martin was returned to the rehabilitation center under strict supervision. He was again charged with probation violations in August, 1990. On January 25, 1991, he appeared before Judge Newhouse. According to Martin, at that time Judge Newhouse revoked his probation, gave him credit for approximately two years' total incarceration on the Ada County DUI, commuted his sentence to time served, and discharged him.

The Ada County probation officer who was supervising Martin in March, 1989, also reported to the district judge in Gooding County that a highly intoxicated Martin had physically abused his sister and had been taken to the Ada County jail. The report also stated that Martin's location between December, 1988, and March, 1989, was unknown because Martin had moved without permission, had failed to submit monthly reports and had failed to keep a scheduled appointment with the officer in January, 1989. At the request of the probation officer a bench warrant was issued for Martin, but for reasons which are not clear in the record, he was not arrested on this warrant until December, 1990. Thus, Martin's first court appearance in district court in Gooding County to answer to the March, 1989, report of probation violations

---

1. The state argues that this issue was not preserved for appeal. However, the transcript of the revocation proceedings shows that Martin asked the court to consider reducing his five-year sentence if the court decided to revoke his probation. We are satisfied that the court had authority to grant that relief under I.C.R. 35 or I.C. § 20–222.

2. I.C. § 18–8005(3), as amended by 1986 Idaho Sess.Laws, ch. 201, § 1, pp. 501–04.

3. The district court in Ada County initially suspended this three-year sentence and placed Martin on probation.

was on January 14, 1991. Martin admitted to the violations and attempted to explain what he had been doing and what actions had been taken against him in Ada County since March 1989.

The court continued the hearing for two weeks. At the second hearing, Martin testified and asked for leniency; however, the court entered an order revoking probation. The court ordered Martin to serve the previously suspended sentence of five years, with credit for the time he had already served regarding this offense only. Martin filed a timely appeal from these orders.

Martin contends that it was error for the district court to reinstate the full five-year fixed sentence when his probation was revoked. Martin asserts that his request for leniency and the fact that he was continued on probation in Ada County entitled him to a lesser sentence than the sentence originally imposed. The state maintains, however, that the court acted within its discretion because it was only empowered to revoke the probation and order the original sentence executed where Martin had neither filed an I.C.R. 35 motion for reduction of sentence nor appealed from the original sentence.

■ The decision to revoke probation on a suspended sentence is within the discretion of the district court. *State v. Corder*, 115 Idaho 1137, 1138, 772 P.2d 1231, 1232 (Ct.App.1989); I.C. § 20–222. After a probation violation has been proven, the court may order the suspended sentence to be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence upon revocation. *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App.1989), *citing State v. Adams*, 115 Idaho 1053, 772 P.2d 260 (Ct.App.1989).

Martin does not dispute the court's decision to revoke probation as much as the court's failure to reduce the fixed five-year sentence when the court revoked his probation. He acknowledges that his 1987 sentence of five-years fixed was within the statutory guidelines, but he argues that the sentencing goals do not require that he be incarcerated again on the same probation violations for which he was punished in the Ada County case. Martin contends that he has been deterred by the incarceration he received in the Ada County case and that ordering him to serve the balance of his suspended sentence is excessive under the circumstances.

■ We apply the same criteria to examine a decision made upon a request for sentence reduction as those applied in determining whether the original sentence was reasonable. *State v. Johnson*, 119 Idaho 107, 803 P.2d 1013 (Ct.App.1991). In reviewing a sentence reinstated after probation has been revoked, we look to the entire record encompassing events before and after the original judgment. *See State v. Adams, supra.* The appellant bears the burden of providing the appellate court with a sufficient record to evaluate the merits of his claim. *State v. Martinez*, 113 Idaho 535, 536, 746 P.2d 994, 995 (1987).

At the revocation hearing, Martin testified that he had reformed his ways by not drinking and driving and by being continuously employed since he was released from NICI on the Ada County case. He tried to convince the district court that he had inquired about his probation status and was misled into believing there were no pending violations in Gooding County.

Martin argued that the district court should consider that he had served almost one year, including 180 days at NICI, for probation violations in Ada County and that his Ada County probation was reinstated as a result of a good report from NICI in April, 1990. However, Martin did not avail himself of the two-week continuance granted by the court to allow him to reinforce his case. He presented no witnesses at the second hearing, and he failed to provide the NICI reports which had swayed the district court in Ada County in his favor. Moreover, Martin overlooks the fact that during his last period of probation in Ada County, after he had received the favorable NICI report in 1990, he was cited again for a probation violation.

The district court in the case before us concluded that Martin's excuses for violating his probation did not compensate for

his continuing contempt of the orders of the court. The court looked at the presentence report prepared for the original sentencing, which showed twenty-eight misdemeanors and fifteen traffic violations. The court determined that the rehabilitative potential of probation was not viable for Martin and ordered him to serve his sentence.

■ We can state conclusively that the district court acted within its discretion in revoking Martin's three-year probation and reinstating the previously suspended sentence of five-years fixed. We do not criticize the district court for reconsidering its original decision to grant probation in Martin's case, particularly given the court's decision that probation was not achieving the goal of rehabilitation and that incarceration would better protect society. *State v. Hass*, 114 Idaho 554, 758 P.2d 713 (Ct.App. 1988). We hold that reinstating the full sentence, minus credit for time served, was not an abuse of the court's sentencing discretion.

Finally, in addition to Martin's contention that his sentence upon revocation was unreasonable, he asserts that it was error for the district court not to obtain an updated presentence report in connection with the revocation proceedings. The issue, however, is raised for the first time on appeal and was not preserved for review. *Sanchez v. Arave*, 120 Idaho 321, 815 P.2d 1061 (1991). The issue of credit for time served, which is discussed in the state's brief, was withdrawn by Martin when he dismissed his counsel and filed his appellant's brief pro se.

The order upon revocation of probation and the order committing Martin to serve the balance of his sentence are affirmed.

WALTERS, C.J., and SILAK, J., concur.