962 P.2d 1054

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Tommy HOSKINS, Defendant–Appellant.**

No. 23917.

Court of Appeals of Idaho.

June 26, 1998.

Klaus Wiebe, Canyon County Public Defender; Thomas A. Sullivan, Deputy Public Defender, Caldwell, for Defendant-Appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for Plaintiff-Respondent.

LANSING, Chief Judge.

In this appeal Tommy Hoskins asserts that the consecutive sentences he received for two counts of drawing a check without funds are excessive and should have been reduced by the trial court when the court revoked Hoskins' probation or that the court should have granted Hoskins' motion under Idaho Criminal Rule 35 for reduction of his sentences. We conclude that the consecutive sentences are excessive in the circumstances of this case and modify the sentences accordingly.

## BACKGROUND

Hoskins pleaded guilty to two counts of drawing a check without funds, I.C. § 18–3106(a). The charges were based upon two checks that he had written on a closed account in the amounts of $131.78 and $138.49. Under a plea agreement, the State agreed to not prosecute Hoskins for additional bad checks he had written, totaling more than

$5,000, in exchange for Hoskins' agreement to pay restitution to all of the victims.

For each count, the district court sentenced Hoskins to the maximum term of confinement permitted by statute, three years determinate, I.C. § 18–3106(a), and the court further ordered that the sentences be served consecutively. The district court suspended the sentences, however, and placed Hoskins on probation. As a condition of probation, Hoskins agreed that he would make monthly payments for restitution and other fees.

Approximately six months after sentencing, Hoskins was found to have violated the conditions of his probation by using methamphetamine and by failing to make restitution payments. Based upon these violations, the district court revoked Hoskins' probation and ordered execution of the original sentences, thus directing that Hoskins serve a cumulative six-year prison term without the possibility of parole. Hoskins made a timely motion for reduction of his sentence under Idaho Criminal Rule 35, but the district court denied the motion.

On appeal, Hoskins does not challenge the district court's decision to revoke probation but argues that the district court abused its discretion by failing to reduce the consecutive maximum sentences when the probation was revoked and by denying Hoskins' Rule 35 motion.

## ANALYSIS

■ When a trial court revokes a defendant's probation, the court possesses authority under I.C.R. 35 to *sua sponte* reduce the sentence. The decision whether to do so is committed to the discretion of the court. *State v. Schorzman,* 122 Idaho 201, 203, 832 P.2d 1136, 1138 (Ct.App.1992); *State v. Martin,* 122 Idaho 423, 425, 835 P.2d 658, 660 (Ct.App.1992); *State v. Adams,* 115 Idaho 1053, 1055, 772 P.2d 260, 262 (Ct.App.1989). Rule 35 also allows the defendant to file a motion for reduction of a sentence within fourteen days after issuance of an order revoking probation, and Hoskins filed such a motion here. A motion for a sentence reduction under this rule is essentially a request

for leniency which is addressed to the sound discretion of the sentencing court. *State v. Hernandez,* 121 Idaho 114, 117, 822 P.2d 1011, 1014 (Ct.App.1991); *State v. Lopez,* 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App. 1984). On appeal, our criteria for review of rulings on Rule 35 motions are the same as those applied in determining whether the original sentence was reasonable. *Id.* The defendant bears the burden of showing that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead,* 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App.1982). When we review a sentence that is ordered into execution following a period of probation, we do not base our review upon only the facts existing when the sentence was imposed. Rather, we examine all the circumstances bearing upon the decision to revoke probation and require execution of the sentence, including events that occurred between the original pronouncement of the sentence and the revocation of probation. *Adams, supra; State v. Grove,* 109 Idaho 372, 373, 707 P.2d 483, 484 (Ct.App.1985); *State v. Tucker,* 103 Idaho 885, 888, 655 P.2d 92, 95 (Ct.App.1982).

■ In this case, Hoskins was convicted for writing two bad checks totaling $270.27. It must be recognized, however, that Hoskins had written many additional bad checks for which no charges were filed. Further, when given an opportunity for rehabilitation on probation, Hoskins quickly violated the terms of his probation. The district court was also troubled that Hoskins had been dishonest with the presentence investigator and with the court in describing the circumstances of his offenses and the extent of his substance abuse. We conclude that in view of these factors, it was not an abuse of discretion for the district court to impose the maximum permissible term of three years fixed.

■ We also conclude, however, that ordering these maximum sentences to be served consecutively makes the sentences unduly harsh. It has long been recognized that "[t]he first offender should be accorded more lenient treatment than the habitual criminal." *State v. Nice,* 103 Idaho 89, 91, 645 P.2d 323, 325 (1982); *State v. Owen,* 73 Idaho 394, 402, 253 P.2d 203, 207 (1953) (overruled on other grounds in *State v. Shepherd,* 94 Idaho 227, 229, 486 P.2d 82, 84 (1971).) The present offenses were Hoskins' first felony charges. At thirty-two years of age, he had a prior criminal record consisting solely of traffic offenses, and he had no prior exposure to the correctional system. The vast majority of Hoskins' bad checks were written during a two-month period in the summer of 1996. Hoskins previously had been a successful businessman, operating his own drywall installation business. Information in the presentence investigation report suggests that Hoskins' business ultimately collapsed due to his drug addiction, and this financial ruin led to the present crimes.

We note that the district court's rationale for imposing consecutive maximum sentences, as explained at the sentencing hearing, was related to the court's desire to lengthen the probation period and thereby help ensure payment of restitution. At the sentencing hearing the district court stated:

> All right. In this case they're asking for restitution of $5,000 and that was part of the agreement, you were going to make restitution on all the checks whether they were charged or not.
>
> . . . .
>
> And $100 a month minimum, that's 50 months probation that you have to pay that off in. By law I can only give you probation for the maximum sentence. The maximum sentence is three years. That's 36 months.

> . . . .
>
> So what I'm going to have to do is run the sentences consecutive so that you have 50 months to pay it off. And if you pay it off earlier then maybe you can be considered for early discharge from probation. As long as you're on probation you're going to be facing six years in prison.

The district court apparently was of the view that under I.C. § 19–2601(7), it could make the probation periods for Hoskins' two offenses run consecutively only if the suspended sentences were made consecutive. We intimate no opinion as to the correctness of this view. It is readily apparent, however, that this rationale for making the sentences consecutive was no longer applicable once Hoskins' probation was revoked. At the probation revocation hearing, and in denying Hoskins' Rule 35 motion, the district court gave no additional reason for running these maximum sentences consecutively on the defendant's first conviction of any crime other than driving offenses.

Based upon the nature of Hoskins' offenses and the absence of any prior serious criminal record, we conclude that the district court abused its discretion in imposing the harshest possible penalty by directing that the sentences for Hoskins' two offenses be served consecutively. Accordingly, we modify Hoskins' sentences to a three-year fixed term of imprisonment on each count with the sentences to run concurrently.

PERRY and SCHWARTZMAN, JJ., concur.