179 P.3d 360

STATE of Idaho, Plaintiff–Respondent,

v.

Barry I. McCARTHY, Defendant–Appellant.

Nos. 33201, 33411.

Court of Appeals of Idaho.

Feb. 28, 2008.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ralph R. Blount, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

In this consolidated appeal, Barry I. McCarthy challenges the sentences imposed upon him for possession of methamphetamine and delivery of methamphetamine, and the district court's order denying his motion for credit on his possession sentence for a

period of incarceration served as a consequence of a probation violation. We affirm in part, reverse in part and remand.

## I.

## FACTS AND PROCEDURE

In 2004, McCarthy pleaded guilty to possession of methamphetamine, Idaho Code § 37–2732(c)(1). The district court imposed a unified term of imprisonment of seven years, with three years determinate, but retained jurisdiction for one hundred and eighty days. Following the period of retained jurisdiction, the district court suspended the sentence and placed McCarthy on probation. Thereafter, a report of probation violations was filed alleging that McCarthy had twice delivered methamphetamine to an undercover officer. Upon this report, the district court issued a bench warrant for McCarthy's arrest, which was served on November 9, 2005. In a separate case arising from the same transactions with the undercover officer, McCarthy was charged with two counts of delivery of methamphetamine, I.C. § 37–2732(a)(1)(A). An arrest warrant for these new charges was served on McCarthy on December 5, 2005, at the Bannock County jail, where he was already incarcerated while awaiting disposition of the charged probation violations. McCarthy ultimately pleaded guilty to one count of delivery of methamphetamine in the new case and admitted to this violation of his probation in the possession case. He remained in jail from his November 9, 2005 arrest on the bench warrant until the disposition of both cases in a consolidated proceeding on March 8, 2006, at which his probation was revoked in the possession case and he was sentenced in the delivery case. For the delivery charge, the district court imposed a unified prison term of seven years with three years determinate, to run concurrently with the sentence executed in the possession case.

Thereafter, McCarthy filed a motion under Idaho Criminal Rule 35 to correct illegal sentences, seeking additional credit for time served in both cases. With respect to the delivery conviction, the district court granted the motion, ordering that McCarthy be credited for time served on that sentence from service of the arrest warrant on December 5, 2005, until the entry of judgment on March 8, 2006. As to the possession conviction, however, the court denied relief for any of McCarthy's incarceration following his November 9, 2005 arrest, stating that an individual is not entitled to receive credit for time served on a probation violation.

McCarthy appeals, asserting that his sentences are excessive and that he is entitled to additional credit on the possession sentence.

## II.

## ANALYSIS

### A. Credit for Time Served

 McCarthy correctly contends that the district court erred in holding that a defendant may not receive credit for time spent in custody awaiting disposition of a probation violation charge. Although the Idaho Supreme Court has held that a defendant whose probation has been revoked may not receive credit against a prison sentence for time served in jail *as a condition of probation*, State v. Dana, 137 Idaho 6, 43 P.3d 765 (2002); *State v. Banks,* 121 Idaho 608, 610, 826 P.2d 1320, 1322 (1992), credit must be given for jail incarceration after arrest for a *probation violation.* This is mandated by I.C. § 19–2603, which provides that when a defendant has been arrested on a bench warrant for a probation violation and the probation has consequently been revoked, "the time of the defendant's sentence shall count from the date of service of such bench warrant." *See also State v. Covert,* 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App.2006); *State v. Lively,* 131 Idaho 279, 280, 954 P.2d 1075, 1076 (Ct.App.1998); *State v. Buys,* 129 Idaho 122, 127–28, 922 P.2d 419, 424–25 (Ct.App.1996). The district court therefore erred by concluding otherwise.

This determination is not the end of the inquiry, however, for the State argues that because McCarthy already received credit on his sentence in the delivery case for a portion of the incarceration that occurred after his arrest for probation violations, he cannot receive credit for the same period in his posses-

sion case. That is, the State asserts that McCarthy should be credited in the possession case only for the period from November 9, when he was arrested for the probation violation, to December 5, 2005, when the arrest warrant for the new delivery charge was served. We find no merit in this argument.

When credit is sought for prejudgment incarceration, the applicable inquiry is whether the incarceration was for the same offense or an included offense for which the judgment was entered. *See* I.C. § 18–309; *State v. Vasquez,* 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct.App.2005). In *State v. Hernandez,* 120 Idaho 785, 791–92, 820 P.2d 380, 386–87 (Ct.App.1991), where a defendant was jailed simultaneously for three counts of delivery of drugs in a single county and was given concurrent sentences for these offenses, we held that he was entitled to credit against each sentence for his period of prejudgment incarceration. *Id.* at 792, 820 P.2d at 387. We reasoned that when concurrent sentences are imposed, duplicative credit will not occur because a shorter sentence is necessarily subsumed in the longest of the concurrent sentences. *Id.* We recognized that credit on all such concurrent sentences is necessary to ensure that, if for some reason one of the charges becomes nullified, the defendant will receive proper credit on the other charge or charges. *Id.* We contrasted this situation with that of consecutive sentences, the Idaho Supreme Court having held that credit must be allowed on only one of multiple consecutive sentences because conferring credit on each of the consecutive sentences would give the defendant credit for more time than he actually spent in confinement. *Id.* at 791, 820 P.2d at 386 (citing *State v. Hoch,* 102 Idaho 351, 630 P.2d 143 (1981)). *See also Mickelsen v. Idaho State Corr. Inst.,* 131 Idaho 352, 355, 955 P.2d 1131, 1134 (Ct.App.1998).

If a defendant is entitled to credit on all concurrent sentences for prejudgment incarceration simultaneously served in a single county on separate crimes, the same logic requires credit on both of McCarthy's sentences where his incarceration on a probation violation in the possession case and on a new criminal charge in the delivery case were based upon *precisely the same conduct* and concurrent sentences are imposed. When it is the same acts that give rise to both warrants for the defendant's arrest and the confinement is served simultaneously, it cannot be said that the incarceration is uniquely attributable to either case individually. Because concurrent sentences were imposed here, granting credit on each sentence from the date the warrant was served in that case will not give McCarthy credit against his prison sentences for more time than he actually served in the county jail. Therefore, McCarthy is entitled to credit on his possession sentence for his incarceration from November 9, 2005, the date of the service of the bench warrant, until the entry of the order revoking probation on March 8, 2006.

## B. Sentences

McCarthy next contends that the district court imposed an excessive sentence in the delivery case and that the court erred by failing to reduce the possession sentence sua sponte upon revoking McCarthy's probation. He argues that his sentences are excessive because his offenses were the product of his drug addictions and because he expressed to the sentencing court his desire for substance abuse treatment.

When a sentence is within the statutory limits, we review the sentence for an abuse of discretion. *State v. Knighton,* 143 Idaho 318, 319, 144 P.3d 23, 24 (2006). The standard of review is well established:

So long as the sentence is within the statutory limits, the appellant must show that the trial court, when imposing the sentence, clearly abused its discretion. Where reasonable minds could differ whether a sentence is excessive, this Court will not disturb the decision of the sentencing court. This Court will set aside the sentence only where reasonable minds could not differ as to the excessiveness of the sentence. To determine whether the trial court abused its discretion, this Court reviews all of the facts and circumstances of the case. To prevail, the appellant must establish that, under any reasonable view of the facts, the sentence was excessive

considering the objectives of criminal punishment. Those objectives are (1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrongdoing.

*State v. Farwell,* 144 Idaho 732, 736, 170 P.3d 397, 401 (2007) (internal citations and quotations omitted).

When a trial court revokes a defendant's probation, the court possesses authority under I.C.R. 35 to sua sponte reduce the sentence, and the decision whether to do so is committed to the discretion of the court. *State v. Hoskins,* 131 Idaho 670, 672, 962 P.2d 1054, 1056 (Ct.App.1998). In examining the sentence on appeal, we do not base our review upon only the facts existing when the sentence was imposed, but instead consider all the circumstances including events that occurred during the probationary period. *Id. See also State v. Jensen,* 138 Idaho 941, 944, 71 P.3d 1088, 1091 (Ct.App.2003). At the time of sentencing, McCarthy had a twenty-year history of criminal offenses relating to alcohol and drug abuse. Before the instant offenses, he had been convicted three times for driving under the influence, once for unlawfully obtaining a legend drug by fraud, and twice for possession of methamphetamine, in addition to numerous theft offenses. McCarthy had been granted lenity many times but continued to offend. In the present cases, while on probation for possession of methamphetamine, McCarthy engaged in the business of selling that drug to others. In light of the nature of these offenses, McCarthy's extensive criminal history, and his failures in prior rehabilitation efforts, we find no abuse of discretion in the sentence imposed for delivery of methamphetamine or in the trial court's decision not to reduce McCarthy's possession sentence upon revocation of probation.

### III.

### CONCLUSION

The district court erred in denying McCarthy's motion for credit on his possession sentence for the period when he was jailed pending disposition of the probation violation charge. We therefore remand for entry of an order granting McCarthy credit for the period from November 9, 2005, to March 8, 2006. McCarthy having shown no other errors in his sentences, the order revoking probation in the possession case and the judgment of conviction and sentence in the delivery case are affirmed.

Chief Judge GUTIERREZ and Judge PERRY concur.