**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36737**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 555 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 21, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ADRIAN LAMONT GUNN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Order revoking probation and reinstating previously suspended unified sentence of twelve years, with a minimum period of confinement of three years, for aiding and abetting grand theft, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rosemary Emory, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Adrian Lamont Gunn appeals from the district court's order revoking his probation and the district court's order denying his I.C.R. 35 motion for a reduction of his sentence. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2004, Gunn pled guilty to aiding and abetting grand theft. I.C. §§ 18-2403(1), 18-2407(1)(b), and 18-204. The district court sentenced Gunn to a unified term of twelve years, with a minimum period of confinement of three years. The district court suspended Gunn's sentence and placed him on probation. Gunn subsequently admitted to violating the terms of his

1

probation on three separate occasions.  The district court revoked Gunn's probation and ordered execution of his original sentence.

Gunn filed a Rule 35 motion for reconsideration of his sentence, which the district court denied.  After filing a notice of appeal from the district court's orders revoking his probation and denying his Rule 35 motion for a reduction of his sentence, Gunn filed a motion to augment the record on appeal with transcripts from his entry of plea hearing, as well as transcripts from two additional sentencing hearings.  The state filed an objection to Gunn's motion to augment.  The Idaho Supreme Court entered an order denying Gunn's motion to augment the record.  Gunn appeals the district court's orders revoking his probation and denying his Rule 35 motion and challenges the Supreme Court's order denying his motion to augment the record.

## II.

## ANALYSIS

### A.    Denial of Motion to Augment

First, we examine whether Gunn's rights to due process and assistance of counsel were infringed upon by the Idaho Supreme Court's order denying his request to augment the record with transcripts from his entry of plea and sentencing hearings from 2004.  We conclude that Gunn's arguments are without merit.  The state is only required to provide an indigent defendant a record on appeal that is sufficient for adequate appellate review of the errors alleged regarding the proceedings below.  *State v. Strand*, 137 Idaho 457, 462, 50 P.3d 472, 476 (2002).  In this case, Gunn appeals from the district court's orders revoking his probation and denying his Rule 35 motion for reduction of sentence which were both entered in 2009.  Gunn sought the inclusion of transcripts from his entry of plea hearing and sentencing hearings from 2004.  Gunn's motion asserted that these additional transcripts were necessary to address whether the district court abused its sentencing discretion.  Gunn has failed to show how a transcript of the entry of plea hearing is necessary to a review of the district court's sentencing discretion.

The record contains minutes of the sentencing hearings which Gunn seeks to include.  The minutes show that the first hearing lasted approximately twenty minutes and both parties briefly addressed restitution, the state made sentencing recommendations, and defense counsel spoke on behalf of Gunn.  The hearing was then continued until the next day when a second hearing was held which lasted only three minutes and at which the district court again continued sentencing until a later date.  Gunn has failed to show how these transcripts are necessary for

adequate appellate review of the issues presented on appeal. A transcript of the sentencing hearing, during which the district court actually pronounced sentence, is included in the record as is the PSI report.

Gunn asserts that this Court's decision in *State v. Hanington*, 148 Idaho 28, 218 P.3d 5 (Ct. App. 2009), requires a review of the entire record of proceedings in the trial court up to and including the revocation of probation. Gunn reads *Hanington* too broadly. As stated in *Hanington*, in reviewing the propriety of a probation revocation, we will not arbitrarily confine ourselves to only those facts which arise after sentencing to the time of the revocation of probation. *Hanington*, 148 Idaho at 31, 218 P.3d at 8. However, that does not mean that all proceedings in the trial court up to and including sentencing are germane. The focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal.

Furthermore, Gunn's argument that the Supreme Court violated his due process rights by denying his motion to augment the record is without merit. Gunn was afforded the opportunity to obtain not only the standard reporter's transcript, but also additional transcripts of proceedings necessary for inclusion in the reporter's transcript on appeal. I.A.R. 25(a) and (c). Therefore, Gunn was provided the process by which he could obtain all the transcripts necessary for appeal and took advantage of that opportunity. While I.A.R. 30 provides that a party may move the Supreme Court to add to the settled reporter's transcript, nothing therein creates a right to such augmentation. Gunn has not shown that the ability to designate transcripts necessary for appellate review under I.A.R. 25 was insufficient to afford due process in his case.

B.      **Probation Revocation**

Gunn argues that the district court abused its discretion by revoking his probation and executing his original sentence. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at

3

325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 326, 834 P.2d at 328; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 326, 834 P.2d at 328.

Since being placed on probation for aiding and abetting grand theft by providing checks drawn on fraudulent checking accounts, Gunn has admitted to numerous probation violations. The violations to which Gunn has admitted include committing a new crime of attempted theft, failing to present a budget to his probation officer, possessing credit cards, possessing alcohol, absconding from supervision, changing residences without permission, and leaving the state without permission. Applying the foregoing standards, we cannot say that the district court abused its discretion by revoking Gunn's probation and ordering execution of his original sentence.

## C.    Reduction of Sentence

Gunn first argues that the district court abused its discretion by failing to sua sponte reduce his sentence pursuant to Rule 35. Gunn contends that his sentence is excessive under any reasonable view of the facts because the district court failed to give proper weight to his self-improvement, friend and family support, community involvement, and remorse for violating his probation.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). To prevail, the appellant must establish that, under any reasonable view of the facts, the sentence was excessive considering the objectives of criminal punishment. *State v. McCarthy*, 145 Idaho 397, 399-400, 179 P.3d 360, 362-63 (Ct. App. 2008). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh

4

sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When a trial court revokes a defendant's probation, the court possesses authority under Rule 35 to sua sponte reduce the sentence, and the decision whether to do so is committed to the discretion of the court. *State v. Hoskins,* 131 Idaho 670, 672, 962 P.2d 1054, 1056 (Ct. App. 1998). In examining the sentence on appeal, we base our review upon the facts existing when the sentence was imposed as well as the events that occurred during the probationary period. *Id.* At the time of sentencing, Gunn had a long history of crimes of financial fraud and deception. Gunn had been granted lenity many times, including a ten-year probationary term in Texas for illegal use of a credit card in addition to the term of probation granted in this case. However, Gunn continued to offend. In the present case, while on probation for aiding and abetting grand theft through the use of fraudulent checks, Gunn admitted to committing a new crime of attempted theft, failing to present a budget to his probation officer, possessing credit cards, possessing alcohol, absconding from supervision, changing residences without permission, and leaving the state without permission. In light of the nature of these offenses, Gunn's criminal history and the failure of any efforts at rehabilitation, we conclude that Gunn's sentence is not excessive. The district court did not abuse its discretion by failing to sua sponte reduce the sentence upon the revocation of Gunn's probation.

Gunn next contends that the district court abused its discretion by denying his Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). The additional information provided by Gunn to support his Rule 35 motion consisted of three letters written by two people advocating Gunn's positive attributes and his need to be with his family. Upon

review of the record, including the new information submitted with Gunn's Rule 35 motion, we conclude no abuse of discretion has been shown.

## III.

## CONCLUSION

Gunn has shown no deprivation of due process from the Supreme Court's order denying Gunn's motion to augment the record on appeal. The district court did not abuse its discretion by revoking Gunn's probation, failing to sua sponte reduce his sentence pursuant to Rule 35, or by denying Gunn's Rule 35 motion for a reduction of his sentence. Accordingly, the district court's order revoking Gunn's probation and the district court's order denying his Rule 35 motion for a reduction of his sentence are affirmed.

Chief Judge LANSING and Judge GRATTON, **CONCUR.**