# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39263

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 749** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 29, 2012** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **RONNIE NICHOLAS RADFORD,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Gregory S. Anderson, District Judge.

Order revoking probation and executing suspended sentence of a unified term of five years, with one and one-half years determinate, for burglary, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Ronnie Nicholas Radford appeals from the district court's order revoking his probation and executing his suspended sentence, previously imposed following his entry of a guilty plea to burglary. Specifically, Radford argues the Idaho Supreme Court denied him due process when it denied his motion to augment the record with transcripts of hearings that occurred prior to the revocation of his probation. Additionally, Radford argues that the district court abused its discretion when it failed to sua sponte reduce his sentence upon revoking probation. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

The criminal case underlying this appeal arose from a charge of burglary and Radford's entry of a guilty plea to that offense. Pursuant to a plea agreement, the State agreed to recommend probation and not oppose a withheld judgment. The district court imposed a unified

1

sentence of five years, with one and one-half years determinate, but suspended the sentence and placed Radford on probation for a term of four years beginning in January 2008 with the additional order that Radford serve ninety days jail time at the discretion of the court.

In August 2008, the State filed a report alleging probation violations. Radford admitted that he failed to report to his probation officer, changed residence without prior approval from his probation officer, and absconded from supervision. After the admission hearing, the district court ordered a substance abuse evaluation. In October 2008, upon review of the evaluator's recommendations, the district court continued the probation, but imposed additional terms that required Radford to complete an intensive outpatient treatment program, as recommended by the evaluator, and participate in problem solving court as directed by his probation officer.

Radford initially complied with the new probation terms by entering the family drug court. However, Radford was suspended from family drug court in August 2011 for missing treatment groups and using alcohol and illegal substances. Later that month, the State again filed a report of probation violations due to Radford's failure to complete the outpatient treatment program, suspension from the family drug court, failure to complete community service, failure to earn his GED, leaving his assigned district without permission, association with drug users to purchase illegal drugs, and consumption of alcohol and prescription medications not prescribed to him. Radford admitted to most of the violations,[1] and after the district court conducted an evidentiary hearing, it found Radford had committed the remainder of the alleged violations. The district court then revoked Radford's probation and executed the suspended sentence. Radford timely filed an appeal.

Pending appeal, Radford filed a motion to augment the record and suspend the briefing schedule, requesting that the record on appeal be augmented with various transcripts. The State objected to augmenting the record, and the Idaho Supreme Court entered an order denying Radford's motion. Upon assignment to this Court, Radford presents two issues: (1) whether the Idaho Supreme Court denied him due process when it denied his motion to augment the record; and (2) whether the district court abused its discretion when it failed to sua sponte reduce Radford's sentence after it revoked his probation.

---

[1] Radford admitted to all violations except the failure to complete the outpatient program and the failure to participate in family drug court.

2

## II.

## DISCUSSION

### A.    Denial of the Motion to Augment the Record

Radford first argues that the Idaho Supreme Court violated his rights to due process and equal protection and his right to effective assistance of counsel by denying his motion to augment the record with transcripts of the plea hearing, the sentencing hearing, the first probation violation admission hearing, and the first probation violation disposition hearing. We recently addressed a nearly identical argument in *State v. Morgan*, ___ Idaho ___, ___ P.3d ___ (Ct. App. July 10, 2012), *rev. pending*, where we said:

> We begin by disclaiming any authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. Such an undertaking would be tantamount to the Court of Appeals entertaining an "appeal" from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. Nevertheless, if a motion is, in effect, renewed by the movant, and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the point of its assignment to this Court. Such may occur, for example, if the completed appellant's and/or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion.

This is not such a circumstance, as Radford has not filed a renewed motion with this Court, nor has he presented to this Court any significant new facts or new justification in his briefs beyond that already advanced in his motion to the Supreme Court. In his motion, Radford requested the transcripts be augmented to the record because they "are necessary to address issues to be raised on appeal" and relevant to "not only to the potential merits of the issues but also to create a complete record on appeal." In asking this Court to review the Supreme Court's denial of his motion, Radford asserts the same general arguments, but also more specifically asserts the denial of his motion violates his constitutional due process and equal protection rights. Thus, Radford does not assert new issues in asking us to review the denial of the motion, but asks that we find that by denying his request, the Idaho Supreme Court violated his constitutional rights. As this is clearly beyond the authority of this Court, we will not address the issue further.

3

**B.    Failure to Sua Sponte Reduce the Sentence after Revoking Probation**

It is within the trial court's discretion to revoke probation if any terms and conditions of the probation have been violated.  Idaho Code §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992).  In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society.  *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995).  The court may, after a probation violation has been established, order that the suspended sentence be executed.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327.  A trial court also has authority under Idaho Criminal Rule 35 to sua sponte reduce the sentence that was originally pronounced, and whether to do so is committed to the discretion of the trial court.  *State v. McCarthy*, 145 Idaho 397, 400, 179 P.3d 360, 363 (Ct. App. 2008).

Under our abuse of discretion review, a court's decision not to reduce a sentence after revoking probation is subject to the well-established standards governing whether a sentence is excessive.  *State v. Hanington*, 148 Idaho 26, 27, 218 P.3d 5, 7 (Ct. App. 2009); *State v. Marks*, 116 Idaho 976, 978, 783 P.2d 315, 317 (Ct. App. 1989).  Where a sentence is not illegal, the appellant has the burden to show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation, and retribution.  *State v. Hoskins*, 131 Idaho 670, 672, 962 P.2d 1054, 1056 (Ct. App. 1998).  In such appeals, an appellate court will not consider whether the sentence was excessive when originally pronounced in the judgment of conviction; our review is limited to whether the sentence was excessive in light of the circumstances existing when the court revoked probation.  *State v. Jensen*, 138 Idaho 941, 944, 71 P.3d 1088, 1091 (Ct. App. 2003); *State v. Coffin*, 122 Idaho 392, 393-94, 834 P.2d 909, 910-11 (Ct. App. 1992).  When reviewing the reasonableness of a sentence on an appeal from a probation revocation order, we do not base our review only upon events that occurred after the original pronouncement of sentence, but will examine the entire record, encompassing events before and after the original judgment, including, but not limited to, events that occurred during the probationary period.  *State v. Chavez*, 134 Idaho 308, 314, 1 P.3d 809, 815 (Ct. App. 2000); *Coffin*, 122 Idaho at 394, 834 P.3d at 911.

Radford does not assign error to the revocation of probation itself, but argues that the district court erred in failing to sua sponte reduce his sentence upon executing it.  Radford asserts that the burglary was not Radford's idea, though he went along with it, and the victim even

4

admitted that Radford was not a threat to society. When viewed in light of this and other mitigating factors, including Radford's alcohol dependence, good character and remorse, Radford contends the sentence is excessive. The State responds that the principal purpose of probation is rehabilitation and, finding that Radford was not successfully rehabilitating while on probation, the district court did not abuse its discretion in executing the suspended sentence without reduction.

We find no abuse of discretion by the district court in our review of the record. Within the first six to seven months of Radford's probation, Radford's probation officer referred Radford to substance abuse treatment. Upon discovering the first set of probation violations, the probation officer recommended revoking Radford's probation so that he could take advantage of treatment programs in the correctional system in order to be successful. To address the issue, the district court ordered a substance abuse evaluation. As a result of that evaluation, which reported Radford's alcohol dependence and recommended an intensive outpatient treatment program, the probation officer reconsidered his stance and thought continuation of probation with the outpatient treatment would be a viable option for Radford because Radford was "genuine of his want to change his behavior." At the disposition hearing regarding the first probation violations, Radford requested that he be able to complete substance abuse treatment and he accepted additional terms of probation: (1) completing an intensive outpatient treatment program; and (2) participating in problem solving court as directed by his probation officer.

While Radford initially complied, in July 2010, an order for commitment was filed, and Radford was ordered to serve fourteen days of discretionary jail time. In October 2010, Radford was ordered to complete community service at a specified place and time, at risk of being detained for failure to comply. In May 2011, Radford failed to turn in required reports, missed his appointment with the probation officer, and was required to serve an additional four days of discretionary jail time. Just two months later, in July 2011, Radford was required to serve an additional thirty days of discretionary jail time. Finally, Radford was removed from the outpatient program and suspended from family drug court for failing to comply with orders and continuing to use alcohol and other drugs. In the second filing of probation violations, the probation officer noted that a higher level of care seemed appropriate due to Radford's continued drug use and the need to address his "criminal thinking patterns."

It was evident from testimony at the second probation disposition hearing that Radford had numerous opportunities to address his substance abuse and other destructive patterns while serving probation. The district court found that, based on the circumstances, incarceration was appropriate with a recommendation that Radford be able to participate in the therapeutic community.

In arguing that mitigating factors nonetheless show an abuse of discretion, Radford relies on *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982), where this Court determined that the defendant's alcohol dependence was a mitigating factor. Radford's reliance on *Nice* is misplaced, as Radford does not assert that his criminal behavior was a result of his alcohol use. Moreover, unlike *Nice*, here our review includes consideration of whether the sentence is excessive in light of factors not only surrounding the crime itself, but also in light of Radford's actions after the original judgment when the court considered whether probation, with the primary goal of rehabilitation, continued to be an appropriate sentencing option. Radford is correct that mental health issues, remorse, family support, and good character can also be mitigating factors. *State v. Payne*, 146 Idaho 548, 569-70, 199 P.3d 123, 144-45 (2008) (mental health issues); *State v. Shideler*, 103 Idaho 593, 595, 651 P.2d 527, 529 (1982) (good character); *State v. Alberts*, 121 Idaho 204, 209, 824 P.2d 135, 140 (Ct. App. 1991) (remorse). Nonetheless, Radford had nearly three years in working with family drug court to show he could progress without the need for incarceration. Testimony at the revocation hearing indicated that most successful participants move through the family drug court much more quickly and Radford's drug use seemed to worsen as time passed.

The maximum sentence for burglary is ten years. I.C. § 18-1403. The district court initially imposed a unified five-year sentence, with one and one-half years determinate, and in the execution of that sentence after the probation revocation, we do not find the sentence is excessive under any reasonable view of the facts. As the principal purpose of probation is rehabilitation, the district court did not abuse its discretion by not reducing the time to be served in light of Radford's multiple probation violations and the finding that Radford would have a better chance at success under confinement with a recommendation for the therapeutic community.

### III.

### CONCLUSION

We will not decide whether the Idaho Supreme Court erred in denying Radford's motion to augment the record on appeal. As to the issue within our authority to decide, we conclude the district court did not abuse its discretion by failing to sua sponte reduce Radford's suspended sentence after revoking probation. Accordingly, we affirm the district court's order revoking probation and executing the suspended sentence of a unified term of five years with one and one-half years determinate.

Judge LANSING and Judge MELANSON **CONCUR.**