**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 43348**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2016 Unpublished Opinion No. 708 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 28, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **JOHN MICHAEL MUGUIRA,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Judgment denying motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

John Michael Muguira appeals from the district court's order denying his motion for credit for time served.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Muguira was convicted of possession of a controlled substance with intent to deliver in Canyon County in 2009. He pled guilty and the district court imposed a sentence of five years with three years determinate, suspended the sentence, and placed Muguira on probation for five years. Muguira subsequently admitted to violating his probation and the district court revoked his probation, executed his underlying sentence, and retained jurisdiction. After a period of retained jurisdiction, the court suspended the balance of his sentence and reinstated probation for four years.

1

On June 1, 2012, Muguira was arrested for felony driving under the influence (DUI) in Ada County and was booked into the Ada County jail. The district court imposed a sentence of ten years with three years determinate and retained jurisdiction. On June 12, 2012, the State filed a motion for probation violation in the Canyon County case as a result of the arrest in Ada County for the DUI, leaving his assigned district without permission, and being under the influence of alcohol. A bench warrant was issued for the probation violation in the Canyon County case but the warrant was never served.

During his incarceration for the Ada County case, Muguira filed a motion to quash the bench warrant in the Canyon County case. Muguira was released from Ada County incarceration on October 4, 2013, and placed on probation. Contemporaneously therewith, the State and Muguira entered into a stipulation to quash the Canyon County bench warrant, which the district court granted.

On November 4, 2013, Muguira admitted to violating his probation in Canyon County and his probation was revoked but reinstated for a period of four years. Shortly thereafter, the State filed another motion for a probation violation alleging Muguira had been charged with new crimes. Muguira admitted to violating the terms of his probation. On April 23, 2014, the court revoked his probation and ordered his underlying sentence executed. Approximately one year later, Muguira filed a motion seeking 460 days of credit towards his Canyon County sentence for the time that he served in the Ada County jail for the felony DUI from June 1, 2012, to October 4, 2013. The district court denied his motion. He timely appeals.

## II.

## ANALYSIS

Muguira claims the district court erred in denying his motion for credit for time served. He asserts he is statutorily entitled to credit toward his Canyon County sentence for the time he served following his arrest in Ada County because the Ada County charge was the basis for the probation violation motion filed in Canyon County, and he asserts the facts indicate there was the "functional equivalent" to service of the Canyon County bench warrant. Whether the district court properly applied the law governing credit for time served is a question of law over which we exercise free review. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *Id.*

2

The arguments set forth by Muguira center around two statutes. The first is Idaho Code § 19-2603, which governs credit for time served upon execution of a sentence following a probation violation. Specifically, the statute provides:

> When the defendant is brought before the court in such case, it may, if judgment has been withheld, pronounce any judgment which it could originally have pronounced, or, if judgment was originally pronounced but suspended, the original judgment shall be in full force and effect and may be executed according to law, and the time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence, but the time of the *defendant's sentence shall count from the date of service of such bench warrant.*

I.C. § 19-2603 (emphasis added).[1] Muguira acknowledges the statute provides that credit shall accrue after a bench warrant has been served and he was never physically served with a bench warrant for the probation violation; however, he contends case law supports a finding that a "functional equivalent" of service of a bench warrant is sufficient to begin calculating the amount of credit entitled to a defendant. He relies upon on *State v. Buys*, 129 Idaho 122, 922 P.2d 419 (Ct. App. 1996) to argue that the present facts support such a finding.

In *Buys*, this Court held that the defendant was entitled to credit for time served pursuant to an order of incarceration that was entered by the district court before the issuance of a bench warrant on Buys' alleged probation violations. *Id.* at 128, 922 P.2d at 425. Buys was arrested for delivery of a controlled substance and the court entered an order withholding judgment and placed him on probation for five years. *Id.* at 123, 922 P.2d at 420. During this period of

---

[1] At the time the district court denied Muguira's motion for credit for time served, the statute read as provided. Since that time, the statute was amended effective July 1, 2015, to read as follows:

> When the court finds that the defendant has violated the terms and conditions of probation, it may, if judgment has been withheld, pronounce any judgment which it could originally have pronounced, or, if judgment was originally pronounced but suspended, revoke probation. The time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence. The defendant shall receive credit for time served from the date of service of a bench warrant issued by the court after a finding of probable cause to believe the defendant has violated a condition of probation, for any time served following an arrest of the defendant pursuant to section 20-227, Idaho Code, and for any time served as a condition of probation under the withheld judgment or suspended sentence.

probation, Buys was arrested for statutory rape on June 7, 1991, and on that same day the district court issued an order for incarceration requiring him to serve thirty days' discretionary time in jail. On July 8, 1991, a bench warrant was issued for the alleged probation violation. *Id.* at 124, 922 P.2d at 421. Buys sought credit for time served from the date of the order for incarceration to the date he was released upon posting bond in both cases. *Id.* This Court found that there was no condition of his probation that would have allowed the State to require discretionary time in jail and that the order for incarceration appeared to be drafted at the request of Buys' probation officer. *Id.* at 127-28, 922 P.2d at 424-25. Further, the Court noted that Buys would have been eligible for release on bond for the rape case if he had not been subject to the immediate order of incarceration. *Id.* For these reasons, this Court found the order of incarceration was the "functional equivalent" of a bench warrant issued as a result of the alleged probation violations. *Id.* at 128, 922 P.2d at 425.

Muguira asserts that while there was never service of the bench warrant for the probation violation, the present facts also support a finding that there was a "functional equivalent" of service. He notes that he had discussed the bench warrant with deputies during his incarceration at the Ada County jail. He also wrote a letter to the district court in Canyon County in which he stated the warrant had never been served and that the deputies had informed him the warrant had not been issued or was never active. He argues this satisfies the elements of service of an arrest warrant as addressed by Idaho Criminal Rule 4(h)(3),[2] which states that "if the officer does not have the warrant in possession at the time of arrest, the officer shall then inform the defendant of the offense charged and of the fact that a warrant has been issued." However, I.C.R. 4(h)(3) also specifically states that "the warrant shall be executed by the arrest of the defendant." As opposed to being functionally served, Muguira was merely told about the warrant, and in fact requested it be quashed. He was never arrested for the probation violations. Simply being told

---

[2] Idaho Criminal Rule 4(h)(3) provides:

> The warrant shall be executed by the arrest of the defendant. The officer need not have the warrant in possession at the time of the arrest, but the officer shall show the warrant to the defendant as soon as possible. A telegraphic or other copy of the warrant of arrest may be used by the officer at the time of the arrest or for the purpose of showing the warrant to the defendant after the defendant's arrest. If the officer does not have the warrant in possession at the time of arrest, the officer shall then inform the defendant of the offense charged and of the fact that a warrant has been issued.

4

about a warrant without being arrested does not satisfy the requirements of service of a warrant under I.C.R. 4(h)(3). This is not the same as being ordered arrested as in *Buys*.

The other statute upon which Muguira relies is I.C. § 20-209A, which governs entitlement to credit for time served both before and after sentencing. It provides:

> When a person is sentenced to the custody of the board of correction, his term of confinement begins from the day of his sentence. *A person who is sentenced may receive credit toward service of his sentence for time spent in physical custody* pending trial or sentencing, or appeal, *if that detention was in connection with the offense for which the sentence was imposed.* The time during which the person is voluntarily absent from the penitentiary, jail, facility under the control of the board of correction, or from the custody of an officer after his sentence, shall not be estimated or counted as a part of the term for which he was sentenced.

I.C. § 20-209A (emphasis added).[3] He relies on *State v. McCarthy*, 145 Idaho 397, 179 P.3d 360 (Ct. App. 2008), in which this Court held the defendant was entitled to credit for time served on his probation violation sentence. In that case, the defendant was incarcerated for a probation violation and while he was in jail, he was served with an arrest warrant for a separate case arising from the same transactions (delivery of methamphetamine). *Id.* at 398, 179 P.3d at 361. The Court reasoned:

> If a defendant is entitled to credit on all concurrent sentences for prejudgment incarceration simultaneously served in a single county on separate crimes, the same logic requires credit on both of McCarthy's sentences where his incarceration on a probation violation in the possession case and on a new criminal charge in the delivery case were based upon *precisely the same conduct* and concurrent sentences are imposed. When it is the same acts that give rise to both warrants for the defendant's arrest and the confinement is served simultaneously, it cannot be said that the incarceration is uniquely attributable to either case individually.

---

[3]    At the time the district court denied Muguira's motion for credit for time served, the statute read as provided. Since that time, the statute was amended effective July 1, 2015, to read as follows:

> When a person is sentenced to the custody of the board of correction, his term of confinement begins from the day of his sentence. The time during which the person is voluntarily absent from the penitentiary, jail, facility under the control of the board of correction, or from the custody of an officer after his sentence, shall not be estimated or counted as a part of the term for which he was sentenced.

*Id.* at 399, 179 P.3d at 362. This case is clearly distinguishable since Muguira was not served with arrest warrants for both the probation violation and the new criminal charge (the DUI). Therefore, he was not serving simultaneous periods of confinement or concurrent sentences as was the case in *McCarthy*.

Alternatively, Muguira asserts the plain language of the statute entitles him to credit for time served. He asserts that because the DUI arrest in Ada County was the basis for the motion for the probation violation in Canyon County, the detention was "in connection with the offense for which the sentence was imposed." However, as previously discussed, Muguira was never arrested for the probation violations; therefore, there was no "detention" related to the probation violations. The statute states: "A person who is sentenced may receive credit toward service of his sentence for time spent in physical custody . . . if that *detention* was in connection with the offense for which the sentence was imposed." I.C. § 20-209A (emphasis added). Because Muguira was not detained for the probation violations, there was no probation violation "detention" in connection with the offense of the DUI. Therefore, the plain language of the statute does not lead to a different result. Muguira's incarceration in the Ada County jail was uniquely attributable to the DUI, not the probation violation, and he is not entitled to credit for that time pursuant to I.C. § 20-209A.

### III.

### CONCLUSION

Muguira was not served with a bench warrant, or the functional equivalent of service of the bench warrant, and the time he served in the Ada County jail was solely attributable to the DUI for which he had been arrested. Therefore, we affirm the district court's denial of Muguira's motion for credit for time served.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.

6